

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1094-15

**CHRISTOPHER EARL DARCY, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS MOORE COUNTY

KELLER, P.J., delivered the opinion of the Court in which KEASLER, HERVEY, ALCALA, RICHARDSON, and YEARY, JJ., joined. MEYERS, J., filed a concurring opinion. JOHNSON, J., filed a concurring opinion. NEWELL, J., concurred.

During the trial of this case, defense counsel learned about a possible right-to-counsel violation that occurred before trial. Evidence involving and relating to the alleged violation was admitted at trial, but counsel did not complain until appeal. The court of appeals reversed appellant's conviction without considering preservation of error. We conclude that the court of appeals erred in failing to address preservation of error, and we hold that appellant forfeited his complaints by failing to raise them at trial.

# I. BACKGROUND

## A. Before Trial

An investigator for the State suspected that a smuggling network was transmitting unauthorized messages to and from the jail. As part of his investigation, he asked Rebecca Morris—a friend of appellant's—to write a note to appellant and pass it to the jail cook, which she did.

## B. Trial

At appellant's trial, his onetime friend Morris testified as a witness for the State. During cross-examination, perhaps in an attempt to impeach Morris, defense counsel produced the note that she had written to appellant and asked her to read it:

> Chris, I know you are going to court Monday and I have been asked to be a witness.
> I have talked to Pat and told him I have not given them a statement. Is there anything
> I can do to help? Please get a note back to me as soon as possible. Rebecca.

After Morris read the note, the prosecutor said, "No objection." The trial court and defense counsel clarified that defense counsel was not offering the note into evidence. The prosecutor then said that the State would offer the note into evidence. Asked by the trial court if he had any objection to the exhibit, defense counsel said, "No objection, Your Honor." The note was admitted into evidence.

On redirect, the prosecutor questioned Morris about the circumstances surrounding the writing of the note. Morris explained that she was asked to write the note by an investigator for the district attorney's office and that the note was merely a ruse, designed to determine whether a message would get through to appellant while he was residing in the county jail. On further cross-examination, defense counsel questioned Morris about the fact that the note was a ruse and that the prosecutor's office assisted in the ruse.

The State then called the investigator, who corroborated what Morris had said about the note. Defense counsel questioned the investigator about whether the police found the note in the jail. The investigator responded, "No one has searched for the letter. In fact, it has not turned up until today and I'm rather curious myself about how it got here." Defense counsel did not object to the admission of the note into evidence or to any of the testimony about the note.

## C. Appeal

On appeal, appellant complained about the State causing the note to be written and sent to him. He argued that his "due process right to a fair trial was violated by the State creating 'evidence' intended to open the door to extraneous offenses," and that his "Sixth Amendment right to counsel was violated by the District Attorney's Office contacting him during adversarial proceedings while represented by counsel." Sustaining these complaints, the court of appeals held that appellant's "Sixth Amendment right to counsel was violated when a State agent directed [Morris] to contact [a]ppellant while he was represented by counsel, but without his counsel present."[1] Conducting a harm analysis, the court of appeals observed that the note was introduced into evidence by the State, that the jury heard the testimony concerning the origin of the note, that the evidence of investigation into jail-smuggling operations made appellant look like a criminal, and that the jury asked during deliberations about any response by appellant to the note.[2] Concluding that appellant suffered harm,

---

[1] *Darcy v. State*, No. 07-13-00297-CR, 2015 Tex. App. LEXIS 6593, *10 (Tex. App.–Amarillo June 25, 2015) (not designated for publication) (citing, among other authorities, *Massiah v. United States*, 377 U.S. 201 (1964)).

[2] *Id.* at *11-13. The jury asked the trial court two questions on a single sheet of paper. These questions and the trial court's responses are in the clerk's record, but not in the reporter's record, and there is no record of any response by the parties to the questions. The trial court said, in answer to a question about appellant's response to the note, "The Court cannot answer your second question. Please continue your deliberations." *See also id.* at *12 n.5.

the court of appeals reversed the trial court's judgment and remanded the case for further proceedings.

## II. ANALYSIS

In its first ground for review, the State contends that appellant failed to preserve his complaint and that the court of appeals erred to reverse the trial court's judgment without addressing the issue of preservation.[3] We agree.

### A. Preservation Should Have Been Addressed

Preservation of error is a systemic requirement.[4] The systemic nature of the requirement means that a first-tier appellate court may not *reverse* a judgment of conviction without first addressing any issue of error preservation.[5] This is true regardless of whether the issue is raised by either of the parties.[6] And when a first-tier appellate court fails to address a preservation issue as required, "this Court can and should do so when confronted with a preservation question."[7] In the present case, the court of appeals reversed the trial court's judgment without addressing whether

---

[3] The State's first ground reads as follows: "Does a defendant forfeit a Sixth Amendment complaint about the State's attempt to communicate with him without counsel at a critical stage if he offers evidence of the communication and does not object to further testimony about it, and must a court of appeals address preservation of error before reversing a conviction on this basis?"

[4] *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014); *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012); *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010).

[5] *Gipson*, 383 S.W.3d at 159; *Meadoux*, 325 S.W.3d at 193 n.5.

[6] *Bekendam*, 441 S.W.3d at 299; *Blackshear*, 385 S.W.3d at 590; *Gipson*, 383 S.W.3d at 159.

[7] *Blackshear*, 385 S.W.3d at 590-91; *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

error was preserved or needed to be preserved.

## B. The Alleged Error is the Admission of Evidence

Ordinarily, error occurs only when the trial court makes a mistake.[8] The court of appeals found that appellant's right to counsel was violated when an agent of the State contacted appellant while he was represented by counsel, but that is not a mistake that was made by the trial court.

Nor is it one of those few situations that could result in the reversal of a conviction when the trial court has done nothing wrong.[9] Those few situations generally occur only when "neither the trial court nor the defendant has any control over the events."[10] Here, any violation of the right to counsel relating to Morris's note would have been immaterial to appellant's conviction if the note and the testimony about it had not been admitted into evidence at trial, or if the admission of that evidence were cured in some fashion (via instruction to disregard[11] or a mistrial).[12] Defense counsel

---

[8] *Johnson v. State*, 169 S.W.3d 223, 228-29 (Tex. Crim. App. 2005); *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004).

[9] *See Johnson*, 169 S.W.3d at 229.

[10] *Id.* ("There are just a few situations in which a conviction can be overturned even though the trial court has done nothing wrong. Misconduct by the prosecutor, alone, can be grounds for such an occurrence if perjured testimony is knowingly used . . . .").

[11] An instruction to disregard is the usual remedy for "harm or prejudice resulting from events that have already occurred." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

[12] Even a mistrial "serves a corrective function," conserving "resources that would be expended in completing the trial as well as those required for an appeal should a conviction occur." *Id.* The requirement that a defendant obtain an adverse ruling includes asking for a mistrial if the error or impropriety is otherwise incurable. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). This is true even though a defendant who requests a mistrial "generally does face a 'Hobson's choice' between giving up his first jury and continuing a trial tainted by prejudicial judicial or prosecutorial error." *See United States v. Dinitz*, 424 U.S. 600, 609 (1975); *see also Ex parte Lewis*, 219 S.W.3d 335, 358 (Tex. Crim. App. 2007) (citing *Dinitz*).

and the trial court both participated in the proceedings in which the note and testimony about it were admitted into evidence—and in which the relevant facts regarding the alleged right-to-counsel violation came to light. If error occurred, it was upon the admission of Morris's note and testimony about it—a conclusion that is further buttressed by the court of appeals's harm analysis, which is based on the effect of the admission of that evidence.

### C. Admission of Evidence Obtained in Violation of Right to Counsel is Forfeitable Error

Ordinarily, the appealing party must have raised a particular complaint at trial before he can raise it on appeal.[13] Although most rights are forfeited by inaction, a few rights are waivable only, and a few matters are absolute requirements or prohibitions that cannot be waived.[14] We have held that the right to counsel at a critical stage of trial is a waivable-only right,[15] but the same is not true of the right to prevent the admission of evidence obtained in violation of the right to counsel. We have consistently held that a party forfeits a complaint that evidence was obtained in violation of the right to counsel if no objection is lodged at trial.[16] This treatment of the right to exclude evidence

---

[13] TEX. R. APP. P. 33.1(a)(1)(A) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.").

[14] *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

[15] *Id.*

[16] *See Lucio v. State*, 351 S.W.3d 878, 909 (Tex. Crim. App. 2011) ("Her objections in no way alerted the trial court to any claim that the State's use of this information violated her Sixth Amendment right to counsel, her Sixth Amendment right to confront the witnesses against her or any other of her constitutional rights. Appellant, therefore, failed to preserve these claims for appellate review."); *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005) ("In his first four points of error, appellant contends that his oral statement to Gage and Augustine and his third written

that was obtained in violation of the right to counsel makes sense because, ordinarily, the defendant has counsel at trial (or has validly waived counsel) when the evidence is offered and admitted, and counsel can assess whether raising a complaint about the evidence would serve his client's interests. Moreover, the Supreme Court has held that evidence obtained in violation of the right to counsel remains admissible for impeachment purposes[17]—an indication that the admission of evidence obtained in violation of the right to counsel does not occupy the same status as a violation of the right to counsel. And finally, we have generally treated errors in the admission of evidence as being subject to procedural default, regardless of the constitutional right involved.[18] Consequently, the alleged error at issue in this case—the admission of evidence that was obtained in violation of the right to counsel—is of the type of claim that is forfeited by inaction.[19]

---

statement were obtained in violation of his right to counsel. . . . under the Fifth and Sixth Amendments. . . . Appellant's global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he now makes on appeal."); *Ripkowski v. State*, 61 S.W.3d 378, 386 (Tex. Crim. App. 2001) ("In *Smith*, the violation of the Sixth Amendment's right to counsel turned upon the State's failure to inform defense counsel regarding one of the topics of the examination. . . . Because the Sixth Amendment claim was not articulated 'with sufficient specificity to make the trial court aware of the complaint,' the Sixth Amendment aspect of *Smith* was procedurally defaulted."); *Wilkens v. State*, 847 S.W.2d 547, 550 (Tex. Crim. App. 1992) ("Appellant did not object that this testimony violated his Sixth Amendment right to counsel. Therefore, appellant has not preserved his contention concerning a violation of his right to counsel."). *See also People v. Wilson*, 36 Cal. 4th 309, 348, 114 P.3d 758, 785 (2005) ("Defendant forfeited this *Massiah* claim because he failed to object on this ground at the retrial.").

[17] *Kansas v. Ventris*, 556 U.S. 586, 593-94 (2009) (addressing *Massiah* claim).

[18] *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002) ("We have consistently held that the failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence. This is true even though the error may concern a constitutional right of the defendant.").

[19] Given our discussion, it logically follows that appellant's due process claim concerning the admissibility of the evidence, to the extent that it might be viewed as separate from his right-to-counsel claim, is also of the type that is forfeited by inaction.

### D. Circumstances Surrounding the Admission of the Evidence Did Not
### Excuse Appellant's Failure to Complain to the Trial Court

Appellant contends that he was not required to object to the admission of Morris's note because he was unaware that it was a "counterfeit document" at the time it was admitted into evidence. But after defense counsel became aware of the facts concerning the note, he still raised no complaint. And he failed to object as even more evidence regarding the note was elicited. If an objectionable event occurs that a party could not have reasonably foreseen, the party must still seek to cure any prejudice flowing from that event by requesting an instruction to disregard or a mistrial.[20] And the party must lodge an objection if needed to cut off discussion of the objectionable subject matter and prevent the further accumulation of harm.[21] If appellant had made a belated complaint to the trial court, we would need to assess whether his initial unawareness of the character of the note

---

[20] *Young*, 137 S.W.3d at 69-70. *See also Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) ("Moreover, assuming, as appellant argues, that 'the prosecution's argument was so egregious that no instruction to disregard could possibly [have] cure[d] the harm,' then appellant should have moved for a mistrial to preserve this error.") (citing *Young*); *Buchanan v. State*, 207 S.W.3d 772, 775 n.9 (Tex. Crim. App. 2006) (citing George E. Dix & Robert O. Dawson, 43A TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 42.03, p. 230 (2d ed. 2001) ("Preservation of error is required, the Court of Criminal Appeals has frequently indicated, in order to provide trial courts or opposing counsel with opportunities to prevent or cure errors so as to permit trial proceedings to continue to a final conclusion free from attack and reversal on appeal."); *Loredo v. State*, 159 S.W.3d 920, 923 (Tex. Crim. App. 2004) ("Preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them."). If a defendant does not wish to give up his valued right to have his case decided by the first tribunal selected, he could ask for the lesser remedy of an instruction to disregard, and if that remedy is denied, then he has preserved error without having to seek a mistrial. *See supra* this footnote and n.11. If an instruction to disregard is granted, then the defendant would have to decide whether sacrificing his right to the first tribunal constitutes the lesser of two evils. *See supra* this footnote and n.12. But appellant was never called upon to make that choice because the defense did *absolutely nothing* to attempt to cure error or to prevent the further commission of the alleged error.

[21] *Young*, 137 S.W.3d at 70.

as a ruse would sufficiently excuse the lateness of his complaint so as to make it timely. But appellant failed to raise any complaint to the trial court with respect to Morris's note and sought relief for the first time on appeal. He has failed to preserve error.

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.[22]

Delivered: April 27, 2016
Publish

---

[22] Because the court of appeals rejected appellant's first three points of error, which challenged the sufficiency of the evidence, there are no remaining issues to be resolved. *See Darcy*, 2015 Tex. App. LEXIS 6593, at *13-16.