

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00290-CR

**CONCEPCION HERNANDEZ, JR.,**

                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                **Appellee**

---

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 14-00146-CRF-361**

---

## MEMORANDUM OPINION

---

Concepcion Hernandez, Jr. pled guilty to and was convicted of the offense of continuous sexual abuse of a child. *See* TEX. PENAL CODE ANN. § 21.02 (West 2011). Punishment was tried to the jury and Hernandez was sentenced to life in prison without parole. Because Hernandez's issue is not preserved for appeal, the trial court's judgment is affirmed.

In one issue, Hernandez complains that the trial court erred in failing to grant a motion for mistrial when a witness for the State made a "prejudicial answer regarding an alleged prior bad act that was inadmissible." The following constitutes the alleged problem:

> Q. Okay. Did something happen that caused you to be interviewed about the defendant sexually touching you and for the first time you finally told somebody what had been going on?
>
> A. Yes.
>
> Q. What happened that caused you to do that?
>
> *A. My sister, he touched my sister.* (Emphasis added).
>
> Counsel: Objection. Hearsay.
>
> COURT: Sustained.
>
> Counsel: May we approach – move for an instruction to disregard.
>
> COURT: The jury is instructed to disregard.
>
> Counsel: And I move for mistrial.
>
> COURT: Denied.

The traditional and preferred procedure for a party to voice its complaint regarding the occurrence of a prejudicial event is to, in sequence, (1) object when it is possible, (2) request an instruction to disregard if the objectionable event has occurred, and (3) move for a mistrial if a party thinks an instruction to disregard was not sufficient to cure the prejudice of the event. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

Hernandez complied with this procedure. Hernandez objected that the statement by the witness was hearsay which the trial court promptly sustained. He then requested and received an instruction to the jury to disregard the statement, but was denied a requested motion for mistrial.

However, Hernandez complains on appeal that the statement made regarded an inadmissible extraneous bad act and because it was a statement of an inadmissible extraneous bad act, the trial court should have granted his motion for mistrial. This was not the objection made to the trial court.

The Court of Criminal Appeals has instructed us that it is our obligation to determine whether an issue is properly preserved. *See Darcy v. State*, No. PD-1094-15, 2016 Tex. Crim. App. LEXIS 78, *5 (Tex. Crim. App. 2016) (publish). We have examined the preservation question, and in this proceeding, have determined that Hernandez's issue has not been preserved.

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that states the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint unless the grounds were apparent from the context. TEX. R. APP. P. 33.1(a); *Yoon Chung v. State*, 475 S.W.3d 378, 385 (Tex. App.—Waco 2014, pet. ref'd). A complaint will not be preserved if the legal basis of the complaint raised on appeal varies

from the complaint made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009).

Hernandez's objection and argument in the trial court do not comport; in essence, the legal basis of his complaint raised on appeal is different from the complaint made at trial. As such, it presents nothing for review. Hernandez never objected that the statement by the witness constituted an inadmissible extraneous bad act; thus, the trial court never knew that the motion for mistrial pertained to a statement regarding an allegedly inadmissible extraneous bad act.

Accordingly, Hernandez did not preserve the issue he argues on appeal in the trial court. His sole issue presents nothing for review and is overruled.

The trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed July 20, 2016
Do not publish
[CRPM]

