

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NO. PD-1086-15**

---

**JEREMY THOMAS, Appellant**

**v.**

**THE STATE OF TEXAS**

---

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIRST COURT OF APPEALS
HARRIS COUNTY**

---

YEARY, J., filed a concurring opinion.

## <u>CONCURRING OPINION</u>

I join the Court's opinion, except for the subsection designated "Preservation of Error." Majority Opinion at 10-12. I see no occasion for this Court to pass on the question of whether error was preserved in this case. The Court ultimately concludes that any error that may have been preserved was not reversible in any event because it was harmless. It therefore affirms the court of appeals's judgment, which had affirmed the judgment of the trial court.

It is true that we have said, on any number of occasions, that issues of error preservation are systemic in the intermediate courts of appeals. *See Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016), and cases cited therein. We have also explained that what we mean by that is that a court of appeals should never *reverse* a conviction without addressing any potential question of procedural default—even *sua sponte*, in the event that the appellee does not raise it. *See id*. at 327-28, and cases cited therein.

Here, the State did argue that error was not preserved. The court of appeals disagreed, and reached the merits of Appellant's claim, concluding that the trial court erred. *Thomas v. State*, 470 S.W.3d 577, 586-87 (Tex. App.—Houston [1st Dist.] 2015). But the court of appeals went on to hold the error harmless, *id*., at 588, and this Court now agrees.

The court of appeals did not *reverse* the conviction without inquiring into potential procedural default. It *affirmed* the conviction despite having concluded that error was preserved, after concluding that the error was harmless. We did not grant discretionary review to examine the court of appeals's preservation analysis. Instead, we granted discretionary review to examine its harm analysis. We have no need to say anything about whether error was preserved in this case.

It might be different had we found it necessary to reverse the judgment of the court of appeals with respect to issue of harm. But we did not. To even speak to the issue of error preservation in an opinion on discretionary review under these circumstances is purely

gratuitous and unnecessary. It does not impact the bottom line at all.


FILED:      November 9, 2016
PUBLISH