

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00196-CR

NABOR GAMINO CASTRO A.K.A.                                    APPELLANT
NABOR GAMINOCASTRO

V.

THE STATE OF TEXAS                                                STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1484822R

----------

## MEMORANDUM OPINION[1]

----------

Appellant Nabor Gamino Castro appeals from his conviction for continuous violence against the family, from his suspended ten-year sentence, and from the order placing him on community supervision for ten years. *See* Tex. Penal Code Ann. § 25.11 (West 2011); Tex. Code Crim. Proc. Ann. art. 42A.053 (West Supp. 2017). Appellant argues that the trial judge's comments during both the guilt-

---

[1]*See* Tex. R. App. P. 47.4.

innocence and punishment phases referring to his immigration status revealed the judge's actual bias against him and deprived him of a fundamentally fair trial, violating his constitutional rights to due process, equal protection, and an impartial fact-finder. We conclude that the trial judge's comments did not reveal an actual bias such that Appellant's trial was rendered fundamentally unfair.

Appellant waived his right to a jury trial, and the trial court heard and determined his guilt and his punishment. *See* Tex. Code Crim. Proc. Ann. arts. 1.13(a), 45.025 (West Supp. 2017). During the guilt-innocence phase, the trial judge stated that Appellant's national origin was irrelevant: "And whether you're born in Mexico or Montana or Mongolia, if you stand trial in the United States, everyone in court has the same constitutional rights to a fair trial." During the ensuing punishment hearing, the trial judge mentioned the possible effects of the conviction on Appellant's immigration status and, relatedly, on his community-supervision obligations:

> But the way I see it, I can do two things and there could be two results. I can give you time, and, in all fairness, under our law, citizen or not, Monterrey or Montana or Monahans, you'll get credit for every second you've sat in jail presumed innocent until there was a conviction, which would let the parole board have the ability to let you out immediately whether you have any immigration issues or not.
>
> . . . .
>
> But I, quite frankly, have greater confidence in my probation department, that if you are allowed to remain and fulfill the American dream of making sure you to[e] the line, than the parole board on a shorter sentence.

2

. . . .

. . . You are going to complete a batterer intervention program, anger control class, before I release you to ICE [Immigration and Customs Enforcement]. And if they come get you, they come get you; if they don't, they don't. But . . . I'm going to tell you right now, son, if you stay in the U.S., get deported and live a productive life in the country of your birth, or anywhere in between as long as it's legal - - that's your future, that's not mine, but if you have a short fuse, it's going to cause problems no matter where you live.

. . . .

. . . So I'll order you to do that before you're released to anyone, regardless of what decision they make.

. . . .

. . . Now, you're going to be given a set of documents, forms, on that report every month, report as ordered. If you do get deported, if you get put in temporary or permanent detention pending a deportation, you're going to mail me a form every month so I know where you are and know what to do and you're doing the best you can. . . .

. . . .

. . . If you are deported, they will . . . make this conviction part of that process. And if you come back with a criminal conviction, . . . the law has been that criminal re-entry has been a felony with up to 20-year federal prison sentence for coming in after a criminal deportation and . . . federal sentences are served almost day for day. And so you have a liability independent of the ten years you could get in Texas for violating my rules.

So if you are allowed to come back, make sure the I's are dotted and the T's crossed or you could face two judges who are not happy with the circumstances, not just one.

. . . .

. . . If you violate federal law and come back without proper paperwork, if you don't report to me within three business days of re-

entering the country, then you have a separate violation of probation. . . . Your obligation is . . . the same regardless of any immigration status . . . . You'd be violating the rules if you're in the United States legal or illegally and you don't report. . . . And if you do come back, of course legally you have the three-day rule. If you come back illegally, that doesn't change the three-day rule. Three days within release from custody or three days from release - - return to the U.S.

. . . .

. . . But it would be my wish and your interest, her interest and society's interest in the Western Hemisphere, wherever you may be, or France if you go that far, that you deal with these [anger] issues or they're just going to be a problem in the future.

. . . .

. . . If you are indigent and can't hire an attorney, . . . that will be provided at taxpayer expense, if you are determined to be indigent, regardless of your country of origin or your status.

Appellant asserts that these comments were "inappropriate and cruel," showed that the trial judge was actually biased[2] against him, and showed that the trial judge was not acting as an impartial fact-finder, requiring this court to remand his case for a new trial based on constitutional error.

Although Appellant recognizes that he did not object to the trial judge's comments during trial or in his motion for new trial, which generally would forfeit any resulting error, he asserts that these comments equated to fundamental error that requires no trial objection to present the issue to this court. *See, e.g.*, Tex.

---

[2]Appellant does not assert a presumptive bias. *See generally Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 876–81 (2009) (discussing circumstances under which a trial judge's bias may be presumed).

R. Evid. 103(e); *Proenza v. State*, No. PD-1100-15, 2017 WL 5483135, at *7 (Tex. Crim. App. Nov. 15, 2017) ("[T]he question of error preservation turns not upon the 'circumstances under which [an alleged error] was raised,' but upon the 'nature' of the error itself." (quoting *Ex parte Heilman*, 456 S.W.3d 159, 166 (Tex. Crim. App. 2015))). Thus, our first inquiry must be whether the judge's comments affected an absolute right, which may be raised for the first time on appeal. *See Proenza*, 2017 WL 5483135, at *7; *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003); *see also* Tex. R. Evid. 103(e). A trial judge's comment that cannot be viewed as fair and impartial is fundamental error of constitutional dimension; therefore, a defendant does not have to object at trial to raise this class of error on appeal. *See Jasper v. State*, 61 S.W.3d 413, 420 (Tex. Crim. App. 2001); *Mumphrey v. State*, 509 S.W.3d 565, 568 (Tex. App.—Texarkana 2016, pet. ref'd); *Avilez v. State*, 333 S.W.3d 661, 671–72 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *see also* Tex. R. Evid. 103(e). Indeed, the State does not assert that Appellant's failure to object at the time the trial judge made the challenged comments procedurally defaulted any error.[3]

---

[3]The State does assert, however, that Appellant has not raised on appeal the applicability of the disqualification and recusal grounds found in the Texas Constitution, the code of criminal procedure, and the rules of civil procedure. Because Appellant did not raise these provisions on appeal, we likewise will not address them. *See* Tex. R. App. P. 38.1(i), 47.1. And we need not address Appellant's "[a]lternative[] and independent[]" argument that the trial judge's bias equated to an absolute disqualification because Appellant premised this argument on a conclusion that his fundamental-error claim was procedurally defaulted, which we have not concluded.

5

*See generally Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016) (recognizing preservation is systemic requirement that appellate court must review on its own motion).

Accordingly, we look to the entire record to determine whether the trial judge's comments revealed such a degree of actual bias that he ceased to function as a neutral and detached fact-finder, violating Appellant's constitutional right to a fair trial. *See Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997); *Avilez*, 333 S.W.3d at 673–74; *Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.— Texarkana 1995, no pet.); *see also McDaniel v. State*, No. 05-15-01086-CR, 2016 WL 7473902, at *4 (Tex. App.—Dallas Dec. 29, 2016, pet. ref'd) (mem. op., not designated for publication). But absent a clear showing of actual bias, we presume that the trial court acted impartially. *See Tapia v. State*, 462 S.W.3d 29, 44 (Tex. Crim. App. 2015).

Appellant essentially argues that because the trial judge assumed, with no supporting evidence, that Appellant was subject to deportation and advised him of the effects of the conviction on his legal status, the trial judge was actually biased. But the record reflects that at least as of the first day of trial, the trial court was aware that Appellant had an immigration hold, noting on the certificate of proceedings, "[D]o not ref to ICE until processed by probation and comp prelim requirements." And one of Appellant's conditions of community supervision required him to report to his community-supervision officer "within 72 hours of being released from Federal custody, or upon return to United States." *See* Tex.

Code Crim. Proc. Ann. art. 42A.301 (West Supp. 2017). The day after Appellant's trial, the trial court's certificate of proceedings noted that Appellant also was required to complete a battering intervention and prevention program (BIPP) "in jail as COP before release to ICE (Follow up proceeding will be entered upon completion of BIPP)." *See id.* art. 42A.504 (West Supp. 2017). Nineteen days later, the trial court signed a certificate of proceedings that stated, "Deft completed BIPP program[.] OK to be released to ICE." The clerk's record also contains an attorney's entry of appearance as Appellant's representative regarding "immigration matters" before ICE.

We conclude that the challenged comments do not clearly show an actual bias based on Appellant's immigration status but, instead, reflect a careful trial judge who attempted to inform Appellant of the consequences of his conviction and how his community supervision could be affected by any subsequent deportation proceedings. *See Goldman v. State*, No. 05-06-01581-CR, 2008 WL 1704294, at *2 (Tex. App.—Dallas Apr. 14, 2008, pet. ref'd) (mem. op., not designated for publication) (concluding trial judge's misstatements about the applicable sentencing options were not fundamental error because statements not made to a jury and showed "misapprehension about the law, . . . not impartiality or unfairness"); *cf. Unkart v. State*, 400 S.W.3d 94, 102 (Tex. Crim. App. 2013) (concluding judicial comments did not mandate mistrial because trial court "engaged in a well-intentioned effort to protect appellant's rights"). Even if the trial judge had been mistaken about Appellant's residency status, the judge's

7

comments did not show that he was actually biased against Appellant on that basis. Instead, the judge repeatedly stated that Appellant would be treated the same regardless of his national origin. *See, e.g.*, *Mumphrey*, 509 S.W.3d at 568–69; *Peterson v. State*, No. 05-12-01417-CR, 2013 WL 5776287, at *2–4 (Tex. App.—Dallas Oct. 24, 2013, no pet.) (mem. op., not designated for publication); *Wilson v. State*, No. 05-12-00831-CR, 2013 WL 4399193, at *6 (Tex. App.—Dallas Aug. 15, 2013, no pet.) (mem. op., not designated for publication). And, importantly, the trial judge found Appellant not guilty of the more serious charge brought against him—aggravated assault with a deadly weapon—and placed him on community supervision for the continuous-family-violence conviction even though the State opposed community supervision and requested imprisonment. We conclude that there was no fundamental error arising from the trial judge's comments. *See Peterson*, 2013 WL 5776287, at *4.

We overrule Appellant's issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GABRIEL, KERR, and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 1, 2018

8