

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00445-CR

Nelson Anthony **JASSO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Cause No. 2017CRB000696D3
Honorable Beckie Palomo, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:   Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: August 14, 2019

AFFIRMED

Nelson Anthony Jasso appeals his punishment of twenty-five years in prison after a jury found him guilty of first-degree murder. Jasso asserts the trial court erred in allowing the victim's widow to testify during the punishment phase about her daughter's suicide attempt. However, because Jasso failed to preserve his sole issue for review, we affirm.

## BACKGROUND

On the evening of February 17, 2017, Juan Gutierrez went to collect rent from Jasso. Upon arriving at the duplex, Gutierrez and Jasso had an altercation. Gutierrez was killed by a gunshot

wound to the chest. A jury found Jasso guilty beyond a reasonable doubt of the first-degree murder of Gutierrez.

During the punishment phase of the trial, Gutierrez's widow testified that after the murder of her husband, her daughter attempted suicide. Jasso asserts this testimony violated his Eighth Amendment rights because the jury considered this testimony to determine sentencing. During this testimony, Jasso did not object. Subsequently, Jasso was sentenced by the jury to twenty-five years in prison. Jasso timely perfected appeal.

## PRESERVATION OF ERROR

Jasso's sole issue on appeal is whether the trial court erred in allowing the victim's widow to testify during the punishment phase about her daughter's suicide attempt. Before reversing a sentence, we must first determine whether Jasso preserved error for our review. *See Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016). "[I]n order to preserve a complaint for appellate review a defendant must have presented to the trial court a timely request or objection with sufficient specificity to apprise the court of the grounds," unless the specific grounds were apparent from the context. *Kirchner v. State*, 739 S.W.2d 85, 86 (Tex. App.—San Antonio 1987, no pet.); *accord* TEX. R. APP. P. 33.1(a)(1)(A). Although Jasso asserts that the error in admitting the testimony was of a constitutional nature, this does not excuse him from the requirements of error preservation. *See Darcy*, 488 S.W.3d at 329 ("[W]e have generally treated errors in the admission of evidence as being subject to procedural default, regardless of the constitutional right involved.").

Jasso did not object before, during, or after the testimony of the victim's widow. Without Jasso preserving error for our review, we may not reverse his sentence. *See id.* at 328. Accordingly, Jasso's sole issue is overruled.

## CONCLUSION

Overruling Jasso's sole issue for review, we affirm the judgment of the trial court.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH