

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00210-CR

_____

ROBERT EARNEST WILKERSON, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13905

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In a single issue, Appellant Robert Earnest Wilkerson appeals his conviction for possession of a controlled substance (psilocin mushrooms). *See* Tex. Health & Safety Code Ann. §§ 481.103 (categorizing psilocin substances in penalty group two), .116 (criminalizing possession of a penalty-group-two substance). Because he failed to preserve his argument, we affirm the trial court's judgment.

After Appellant was charged with unlawful possession of psilocin mushrooms and before his trial, his trial counsel filed a motion to dismiss the charge asserting that Appellant possessed the mushrooms for use in a Native American religious ceremony. This is the basis of Appellant's sole issue on appeal. But as his appellate counsel conceded at oral argument,[1] the trial court never ruled upon the motion to dismiss.

To preserve a complaint for our review, a party must have made to the trial court a timely request, objection, or motion stating the specific grounds, if not apparent from the context, for the desired ruling. Tex. R. App. P. 33.1(a)(1); *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016). Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Everitt v. State*, 407 S.W.3d 259, 262–63 (Tex. Crim. App. 2013); *Martinez v. State*, 17 S.W.3d 677, 686 (Tex. Crim. App. 2000). We have a

---

[1]*See* Tex. Disciplinary Rules Prof'l Conduct R. 3.03, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (requiring counsel to act with candor toward the tribunal).

duty to independently review error preservation and to ensure that a claim is properly preserved in the trial court before we address its merits. *Darcy v. State*, 488 S.W.3d 325, 327–28 (Tex. Crim. App. 2016); *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010).

By failing to obtain a ruling on his motion to dismiss, Appellant forfeited his argument that the possession charge should have been dismissed as violating his sincerely held religious beliefs. *See* Tex. R. App. P. 33.1(a)(2); *Everitt*, 407 S.W.3d at 262–63. We therefore overrule his sole issue on appeal and affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 5, 2019