**AFFIRM and Opinion Filed November 18, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00311-CR

### RONNIE LECHARLES LANDON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 20-40001-86-F**

## MEMORANDUM OPINION

Before Justices Nowell, Smith, and Rosenberg[1]
Opinion by Justice Rosenberg

A Kaufman County jury convicted appellant Ronnie Lecharles Landon of aggravated assault on a family member with a deadly weapon causing serious bodily injury, a first-degree felony carrying a punishment range of 5 to 99 years. TEX. PENAL CODE ANN. §§ 12.32(a), 22.02(b)(1). The jury assessed punishment at 30 years' confinement, and the trial court sentenced Landon accordingly.

In his first issue on appeal, Landon argues that his sentence was grossly disproportionate to his crime under the United States Constitution. In his second

---

[1]The Hon. Barbara Rosenberg, Justice, Assigned.

issue, he asserts much the same argument under the Texas Constitution. Landon contends that these are separate and distinct issues because of semantic differences between our two governing documents, but we see no material difference in the arguments or the relevant law. "Using nearly identical language, both the United States and Texas Constitutions prohibit cruel and/or unusual punishment[,] and the Texas Court of Criminal Appeals has concluded there is no significant difference between the protections afforded in the two provisions." *Forbit v. State*, No. 05-19-00946-CR, 2021 WL 1884655, at *1 (Tex. App.—Dallas May 11, 2021, no pet.) (mem. op., not designated for publication) (citing, *inter alia*, *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997)).

To begin, we address preservation because we "may not reverse a judgment of conviction without first addressing any issue of error preservation." *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016) (cleaned up). Constitutional rights, including the right to be free from cruel and unusual punishment, may be forfeited. *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.); *see Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under the Texas Constitution was not preserved). For error to be preserved, the record must show appellant made a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Landon did not object after his sentence was pronounced, and though he filed two motions for new trial, neither one mentions the complaint he now raises on appeal.

Because Landon's first and second issues are not preserved, we overrule them and affirm the judgment.

/Barbara Rosenberg/
BARBARA ROSENBERG
JUSTICE, ASSIGNED

DO NOT PUBLISH.
Tex. R. App. P. 47.2(b)

210311F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONNIE LECHARLES LANDON, Appellant

No. 05-21-00311-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 20-40001-86-F.
Opinion delivered by Justice Rosenberg. Justices Nowell and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of November 2022.