Opinion issued March 21, 2024



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00781-CR

—————————————

**JAMAL FERGUSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Case No. 1484074**

---

## MEMORANDUM OPINION

A jury found Jamal Ferguson guilty of the offense of capital murder, and the trial court imposed a life sentence without the possibility of parole. He appeals on two grounds. First, Ferguson contends the trial court erred in not including an instruction on the lesser-included offense of felony murder in the jury charge.

Second, he contends his defense lawyer violated his Sixth Amendment right to maintain his innocence before the jury by stating that the defense would accept any favorable relief it could obtain, including conviction for a lesser-included offense, during jury selection. Because Ferguson has not preserved error, we affirm.

## BACKGROUND

The jury heard evidence that Ferguson and Eric Guzman committed a spree of armed robberies in a 24-hour period, including one in which Michael Aldana was fatally shot. Guzman, who had already pleaded guilty to the offense of murder in connection with Aldana's death and was serving a 40-year sentence, testified for the defense at Ferguson's trial. Guzman testified that Ferguson accompanied him during the other robberies, but he maintained that Ferguson was not present during the robbery of Aldana. According to Guzman, he alone robbed and fatally shot Aldana, and then Guzman met up with Ferguson again afterward in another part of town.

Guzman testified that he intentionally shot Aldana because Guzman thought Aldana was withholding additional loot during the robbery. Guzman also testified that he intentionally ran over Aldana with a car afterward to ensure Aldana died.

On direct, Guzman agreed that he told another story during a prior interview with detectives. During that interview, he told the detectives that Ferguson and another man, Russell Gregory, had committed the robberies and fatally shot Aldana. Guzman testified that he initially lied to detectives in an effort to save himself.

2

On cross-examination, Guzman admitted that he has a problem with truthfulness and had repeatedly lied to detectives about the facts surrounding the fatal shooting, conceding that he related six different versions of these events. The prosecutor questioned Guzman about differences between his trial testimony and the testimony of some of the living robbery victims, who testified that Ferguson was the perpetrator who was armed with a handgun and spearheaded the robberies. The prosecutor also questioned Guzman about Aldana's dying statement, made to a peace officer, that two black male perpetrators robbed him. As to the believability of Guzman's contrary trial testimony, Guzman said the jury would have to decide.

After hearing Guzman's testimony and much other evidence, the jury decided Ferguson was guilty of capital murder. As mandated by statute with respect to capital felony cases against defendants who were 18 years of age or older at the time of the offense and in which the State does not seek the death penalty, the trial court assessed Ferguson's punishment at imprisonment for life without the possibility parole.

Ferguson appeals.

## DISCUSSION

In general, error preservation is a systemic requirement and a prerequisite to appellate review. *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020). Therefore, as an appellate court, we have a duty to raise issues of error preservation

even if the parties do not, and we cannot reverse a conviction based on an unpreserved error. *Id.*; *Darcy v. State*, 488 S.W.3d 325, 328 (Tex. Crim. App. 2016).

## I. Instruction on Lesser-Included Offense

Ferguson contends that the trial court erred in refusing his request for an instruction on the lesser-included offense of felony murder. He maintains that there was evidence at trial that he and Guzman committed four prior robberies in which no one was killed, and that this affirmative evidence entitled him to an instruction on felony murder because it shows that neither of them planned to kill Aldana.

### A. Applicable law

A trial court does not have an independent duty to instruct the jury about a lesser-included offense in the absence of a request for an instruction. *Williams v. State*, 662 S.W.3d 452, 455 (Tex. Crim. App. 2021). Like defensive instructions, instructions about lesser-included offenses implicate trial strategy. *Id.* Therefore, a defendant can only complain on appeal of the trial court's failure to include an instruction about a lesser-included offense if he requests one at trial. *Id.* at 455–56.

Further, for a defendant to preserve this kind of error for appellate review, it is necessary but not sufficient that he request an instruction about a particular lesser-included offense in the trial court. *Id.* at 462. The defendant also "must point to evidence in the record that raises the lesser-included offense." *Id.* at 461. He must identify this evidence with some degree of specificity. *See id.* at 462 (stating that "if

4

a defendant requests a particular lesser-included instruction and he sets out, on the record, the specific evidence that supports a rational basis for rejecting the greater offense but supporting the lesser offense, the trial judge errs if he refuses to instruct the jury on that lesser offense"). Without this factual specificity, any error as to the failure to include the instruction is not preserved for our review, unless the specific evidence raising the lesser-included offense "is manifest" in context. *Id.*

## B. Analysis

The reporter's record reflects that the trial court and parties had a discussion about the jury charge off the record. They then continued their discussion on the record regarding the potential inclusion of a lesser-included offense instruction:

| | |
|---|---|
| The Court: | We are outside the presence of the jury. We are having a conversation about the charge. Mr. Brown, at this time are you requesting any lesser included offenses to be included in the charge? |
| Mr. Brown: | Judge, based on the ruling that we had talked about just a few minutes ago, I would ask that murder be the lesser then. |
| The Court: | So let's put everything on the record because I don't believe we put the prior conversation that we had. So the original lesser included that you were requesting was? |
| Mr. Brown: | Felony murder. |
| The Court: | And then, State, do you have argument with regards to a felony murder instruction? |
| Mr. Raygor: | Your Honor, based on the testimony of Eric Guzman, he clearly stated under oath that he intentionally shot and killed Michael Aldana with a specific intent to kill him. |

He also testified that he then subsequently hit him with a vehicle to ensure that Mr. Aldana did not survive. There's no evidence in this record whatsoever to support a lesser intent of murder and therefore, capital murder is the only offense that should be allowed to go back to this jury.

The Court: And then, Mr. Brown.

Mr. Brown: There's also been testimony that Mr. Ferguson was not there—insinuating to the jury that they can get to this capital by the extraneouses. We'd argue that if that's true, then we'd ask for murder to be the lesser included.

The Court: And your response to murder as the lesser included instruction is what, State?

Mr. Raygor: Your Honor, in this case the defensive theory is one of he wasn't present at all; it's not an issue of intent. If the defense's theory was that he was present, then that might be something to argue in that he may not have reasonably anticipated the actions of his codefendant. However, there is zero evidence in regards to the defendant's state of mind being present at the scene because there has been a defense of not being present.

In order to convict—in order for a defense to be given a lesser included offense, there must be some evidence in the record that establishes the defendant could be found guilty of the lesser included offense and only that of the lesser included offense. In this case there is zero evidence to support a lesser included offense. The only evidence available to this Court at this time is that the codefendant intentionally killed Michael Aldana with the specific intent to kill him.

The Court: At this time based on the testimony presented so far, the Court's going to deny the defense request for any lesser included offenses in the jury charge. If there is any additional testimony that will be presented and the parties would like to revisit this issue, then we'll do it outside the presence of the jury again. We're off the record.

6

With respect to his request for an instruction on the lesser-included offense of felony murder, Ferguson did not identify any evidence whatsoever in the trial court entitling him to this instruction. Thus, he did not preserve this error for our review. *Id.* at 461–62. Because the colloquy concerning the jury charge was a continuation of a discussion that had begun off the record, it is possible that Ferguson's counsel had already identified specific evidence he believed raised the lesser-included offense of felony murder and simply did not repeat it once on the record. But to preserve error, the evidence usually must be set out "on the record." *Id.* at 462.

Sometimes, the specific evidence raising a lesser-included offense "is manifest" in context and thus need not be identified by counsel. *Id.* But this is not the case here. It is not clear or obvious in context what evidence, if any, Ferguson relied on in the trial court as raising the lesser-included offense of felony murder.

Felony murder is, in essence, an unintentional killing committed while committing or trying to commit a felony other than manslaughter. TEX. PENAL CODE § 19.02(b)(3); *Rodriguez v. State*, 454 S.W.3d 503, 507 (Tex. Crim. App. 2014). But Guzman testified that he intentionally shot and then ran over Aldana with a car. And contrary evidence—evidence of unintentionality—is not manifest in context.

On appeal, Ferguson posits that the fact that neither he nor Guzman killed the victims of the prior robberies raises an inference that they did not plan to kill Aldana. An inference is affirmative evidence that can require the submission of a requested

7

instruction on a lesser-included offense. *Chavez v. State*, 666 S.W.3d 772, 776 (Tex. Crim. App. 2023). But assuming for argument's sake that the lack of prior fatalities raises an inference that Ferguson and Guzman did not plan to kill Aldana, a murder need not be planned or anticipated in advance to be intentional. For a killing to be intentional, an actor need only desire to cause death when he kills the victim. TEX. PENAL CODE § 6.03(a); *see Fearance v. State*, 771 S.W.2d 486, 511 (Tex. Crim. App. 1988) (rejecting argument that ostensibly unplanned murder was unintentional); *see also Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (indicating that capital murder need not have been premeditated for it to have been intentional).

Thus, even if Ferguson had identified in the trial court the evidence that he now claims on appeal raises an inference that the killing of Aldana was unplanned or this evidence was manifest in context, the inference would not have required the trial court to instruct the jury on the lesser-included offense of felony murder.

We overrule Ferguson's first issue.

## II.     Right to Maintain Innocence at Trial

Relying on *McCoy v. Louisiana*, Ferguson argues his defense lawyer usurped control of an issue that is a defendant's sole prerogative—the decision to maintain one's innocence—when his lawyer indicated to potential jurors during jury selection that the defense would be content with a conviction on a lesser-included offense. 584 U.S. 414 (2018). He maintains this violated his Sixth Amendment rights.

8

## A. Applicable law

In *McCoy*, the United States Supreme Court held that a defendant has the right to control certain defense objectives, including whether to maintain his innocence during the guilt-innocence phase of a criminal trial, even if his lawyer thinks there may be a strategic advantage to be gained from a concession of guilt. *Id.* at 422–23. When a defense lawyer oversteps by conceding guilt against the defendant's wishes, the defendant is entitled to a new trial without the need to show that his lawyer's usurpation of his Sixth Amendment rights resulted in prejudice. *Id.* at 426–28.

But in *McCoy*, the defendant "vociferously insisted that he did not engage in the charged acts and adamantly objected to any admission of guilt." *Id.* at 417. The defendant told his lawyer in advance of trial not to concede guilt before the jury, sought to terminate his lawyer before trial due to their disagreement about whether to concede guilt, objected to his lawyer's concession of guilt when his lawyer made it before the jury, and then testified that he was innocent when he took the stand in his own defense. *Id.* at 419–20. Distinguishing a prior decision in which the Court decided that a defense lawyer is free to concede guilt when his client is informed of this proposed strategy but neither consents nor objects (*Florida v. Nixon*, 543 U.S. 175 (2004)), the Court held that when the defendant makes "express statements" of his desire to maintain his innocence, his lawyer must oblige. *Id.* at 424–25.

Based on the circumstances of *McCoy* and the Supreme Court's language concerning "express statements," our Court of Criminal Appeals has held that "a defendant cannot simply remain silent before and during trial and raise a *McCoy* complaint for the first time after trial." *Turner v. State*, 570 S.W.3d 250, 276 (Tex. Crim. App. 2018). Instead, the defendant must make an express statement regarding his desire to maintain his innocence before or during trial. *Id.* If the defendant does not do so, then he has not preserved this issue for appellate review. *Id.* at 276–77; *see also Stephenson v. State*, 673 S.W.3d 370, 381–82 (Tex. App.—Fort Worth 2023, pet. ref'd) (overruling *McCoy* complaint because record did not show defendant had objected to his lawyer's concession of guilt at any point below).

## B. Analysis

Not long after defense counsel began talking to potential jurors during jury selection, counsel asked the following question: "I want a not guilty but I'll take lessers and anything else I can get because why do we have the Fifth Amendment?" Counsel then explained that, in his view, the Fifth Amendment exists due to "[t]he power of the State." Though it is not altogether clear what counsel intended, he appears to have been saying that a defendant must be content with whatever relief he can obtain from a jury in a criminal trial, given the vast power the State wields.

Ferguson maintains that his lawyer's remark that he would "take lessers" necessarily amounts to a concession that Ferguson was guilty of something. Given

the context, we are skeptical that this statement is a concession of guilt. *Cf. Turner*, 570 S.W.3d at 275 (noting that case before Court, like *McCoy* itself, involved situation in which counsel conceded before jury that defendant killed victims but argued he was guilty of lesser offense and should not get death penalty). But we need not decide whether it is, because Ferguson did not preserve this complaint.

Ferguson posits that he preserved his *McCoy* complaint below by pleading not guilty and because "the entirety of the defense" was that Guzman fatally shot Aldana and "Ferguson was not even there" when Guzman did so. We cannot agree.

A plea of not guilty does not suffice to preserve a *McCoy* complaint. If it did, then defense counsel could never concede guilt before a jury because going to trial on guilt-innocence necessarily entails the entry of a plea of not guilty. This is apparent from the Supreme Court's opinion in *McCoy*, in which it relied on the defendant's "express statements," not on his plea of not guilty, to hold that his lawyer overstepped by disregarding his desire to maintain his innocence. *See* 584 U.S. at 418, 424 (noting that "McCoy pleaded not guilty" in recitation of facts but relying on his "express statements" of his desire to maintain his innocence in holding).

As to Guzman's testimony, Guzman did say that Ferguson was not involved in the fatal shooting of Aldana, and that does seem to be the sum of the defense. However, the charge conference between the trial court and counsel shows that even after Guzman's testimony, the defense requested instructions on lesser-included

11

offenses. There is no indication in the record that Ferguson himself was absent during this brief charge conference outside the presence of the jury, and the record indicates he was present during jury selection when his lawyer made the remark he now claims violated his Sixth Amendment rights. Yet Ferguson did not object or make an express statement that he desired to maintain his innocence at any point.

Accordingly, Ferguson did not preserve his *McCoy* complaint for review. *Turner*, 570 S.W.3d at 276–77; *see also Ex parte Barbee*, 616 S.W.3d 836, 845 (Tex. Crim. App. 2021) (holding evidence that defendant told his lawyers and others that he was innocent and would not plead guilty did not support *McCoy* violation).

Finally, we note that Ferguson concedes that he did not object to his counsel's remark. He argues that the expectation that a defendant would do so is "absolutely ludicrous" because a trial court would never allow an outburst from a defendant.

*Turner* forecloses Ferguson's argument. The Court of Criminal Appeals requires a defendant to preserve error regarding ostensible *McCoy* complaints. *Turner*, 570 S.W.3d at 276–77. We are bound to follow that Court's instruction. Moreover, Ferguson has not persuasively demonstrated that the sole way in which a defendant could make it known that his lawyer has made an unauthorized concession of guilt is by making an outburst that would not be tolerated by the trial court.

We overrule Ferguson's second issue.

## CONCLUSION

We affirm the trial court's judgment.

Gordon Goodman
Justice

Panel consists of Justices Goodman, Landau, and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).