**Opinion issued August 28, 2025.**



In the

# Court of Appeals

for the

# First District of Texas

————————————

## NO. 01-24-00036-CR

————————————

**FRANK NEUMANN, JR., Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 264th District Court
Bell County, Texas[1]
Trial Court Case No. 2022-32285**

---

[1]    The Texas Supreme Court transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases between courts of appeals). Under the Texas Rules of Appellate Procedure, "the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court." TEX. R. APP. P. 41.3. The parties have not cited, nor has our own research revealed, any conflict between the precedent of the Third Court of Appeals and that of this court on any relevant issue.

**MEMORANDUM OPINION**

A jury convicted appellant, Frank Neumann, Jr., of two counts of aggravated assault of a child younger than six years old. The jury assessed appellant's punishment at life imprisonment on both counts. On appeal, appellant argues the trial court abused its discretion by determining the outcry statement of the complainant was reliable and allowing the admission of testimony from the outcry witness,[2] the complainant's mother, at trial. We affirm.

**Background**

A grand jury indicted appellant on two counts of aggravated sexual assault of a child younger than six years of age, hereinafter known as "A.J." (pseudonym).[3] The indictment alleged in Count One that, "on or about July 18, 2015," appellant "intentionally and knowingly cause[d] the penetration of the sexual organ of A.J., a child who was then and there younger than six years of age, by [his] finger." Count Two of the indictment alleged that appellant "intentionally and knowingly cause[d] the penetration of the mouth of A.J., a child who was younger than six years of age, by [his] sexual organ." Appellant pleaded not guilty to both counts, and the case was presented to a jury.

---

[2]    "Outcry" is a term of art used to describe the first disclosure statement that a child complainant makes to an adult. TEX. CODE CRIM. PROC. art. 38.072; TEX. FAM. CODE § 54.031.

[3]    We use pseudonyms to refer to the minor complainant and her family members. *See* TEX. R. APP. P. 9.10(a)(3).

In a pre-trial hearing to determine the admissibility of A.J.'s outcry statement, appellant objected to the admission of testimony from L. B. (A.J.'s mom) and Ashley Lomas, a forensic interviewer, as outcry witnesses to A.J.'s report of sexual abuse. With regard to Lomas, appellant's counsel objected on the basis that "[w]e can't have both people repeating the same story." In his brief, appellant argues that he objected to the admission of L.B.'s testimony with his comment during argument that "[w]e're looking at two different things here. The first is the hearing outside the presence of the jury for you to find if you believe so, that the statement is reliable based on the time, contents, and circumstances of the statement." Appellant offered no further argument or objection with respect to L.B.'s testimony.

L.B. testified at the hearing that, at the time of the assault, A.J. was five years old and living in Killeen, Texas with L.B., two siblings, and the appellant. Appellant shared a child with L.B. who also lived with them at the house in Killeen at the time of the reported abuse.

L.B. testified that, on September 5, 2020, when A.J. was ten years old, she asked to speak to L.B. privately. L.B. testified that she and A.J. got into her car for a drive so that they could speak. While in the car, A.J. reported being sexually assaulted by appellant sometime in June 2015. L.B. testified that A.J. told her "[appellant] touched her private with his fingers and put his private part in her

mouth." A.J. went on to tell L.B. that appellant "threatened to kill someone if she told anyone."

L.B. described A.J.'s being sad and upset while reporting the abuse. {3 RR 207} L.B. deduced A.J.'s age—five years old—at the time of the assault because A.J. told her it happened in "the big red house." This referred to the home in Killeen L.B. shared with appellant, A.J., and her two other children for six months in 2015 and 2016. A.J. reported the assault to L.B. the day after having her phone taken away as punishment for chatting with a 24-year-old adult in an online chatroom.

Lomas also testified at the pre-trial hearing to the details of the sexual abuse A.J. reported in a forensic interview. In the interview, A.J. identified appellant as "her sister's dad, Frankie," and reported that appellant "[put] his fingers inside her private part, which she stated was 'used for pee,'" and that this happened about five times. A.J. went on to say that appellant "would put his private part inside her mouth," that it "hurt her throat," and that this happened about four times. Lomas testified that A.J. reported being five years old when the abuse started and that it ended after A.J.'s mother and appellant ended their relationship, when A.J. was six years old.

At the conclusion of the pre-trial hearing, the trial court ruled the statement A.J. made to L.B. would be admissible as an outcry, but that the statements made to Lomas would not be admissible as an outcry because the statements were repetitious

4

of those made to L.B. Lomas thus testified only to the circumstances of the interview and A.J.'s demeanor in the interview. Appellant did not object to the trial court's ruling.

## The Trial Court's Admission of the Statement

On appeal, appellant claims that the trial court abused its discretion when it determined A.J.'s statement to L.B. was reliable as an outcry and admitted the outcry statement as an exception to the hearsay rule, thereby allowing L.B. to testify as an outcry witness. The State argues that appellant failed to object to the outcry statement to L.B. We agree with the State that appellant failed to object.

## A. Preservation of Error

Before addressing the merits of an issue on appeal, an appellate court should consider whether the issue has been preserved, regardless of whether preservation has been raised by the parties. *Darcy v. State*, 488 S.W.3d 325, 327-28 (Tex. Crim. App. 2016). To preserve a complaint for appellate review, the record must show that an objection was made to the trial court, that the grounds for relief were stated with enough specificity, and that the trial court ruled upon the objection. TEX. R. APP. P. 33.1(a); *Schmidt v. State*, 612 S.W.3d 359, 365 (Tex. App.—Houston [1st Dist.] 2019, pet. ref'd). The party must explain to the trial court what he wants and why he thinks he is entitled to it and do so clearly enough for the judge to understand it, and

5

at a time when the trial court is in a position to do something about it. *Singleton v. State*, 631 S.W.3d 213, 217-18 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd).

Here, appellant made clear, well-presented arguments as to the circumstances and content of A.J.'s forensic interview, persuading the trial court to limit Lomas's testimony to exclude A.J.'s hearsay statements. At most, appellant's trial counsel made a general statement that the trial court would need to determine whether the outcry statement (without saying which one) "is reliable based on the time, contents, and circumstances of the statement." On appeal, appellant claims that this summary of the general procedure that the trial court is to follow in its gatekeeping function constituted an objection to the admission of L.B.'s testimony as an outcry witness. This general recitation of the rule is not specific enough to preserve a complaint about the reliability of A.J.'s outcry to L.B., and the specific grounds are not apparent from the context[4] where appellant's arguments were specifically directed at A.J.'s statement to Lomas and how that statement is inadmissible because it is duplicative of the outcry statement to L.B. Because appellant did not make the same argument and objection at trial regarding L.B. that he makes on appeal, we may not examine

---

[4]  A party may preserve error with a general objection, provided that the specific grounds for the objection were apparent from the context. TEX. R. APP. P. 33.1(a)(1)(A). *But see Heidelberg v. State*, 144 S.W.3d 535, 542-43 (Tex. Crim. App. 2004) (en banc) (holding general objection to appellant's "Fifth Amendment right" failed to preserve error admitting testimony about appellant's post-arrest silence).

his sole issue on appeal. *See Compton v. State*, 666 S.W.3d 685, 714 (Tex. Crim. App. 2023) (holding that appellant failed to preserve error for review where objection did not match complaint raised on appeal); *see also* TEX. R. APP. P. 33.1(a).

We therefore overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).