

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00393-CR

**YUISHEA LASHONE DAVIS,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2013-866-C1

## MEMORANDUM  OPINION

A jury convicted Appellant Yuishea Lashone Davis of aggravated sexual assault of a child, and she was sentenced to twenty years' incarceration.  Davis appeals her conviction in one issue.  We will affirm.

In her sole issue, Davis asserts that the trial court erred in admitting extraneous act evidence that was elicited during cross-examination of her by the State.  Specifically, Davis argues that the trial court improperly admitted the following evidence:  (1) an alleged assault by Davis on a boyfriend that occurred several years after to the sexual

assault for which she was convicted; and (2) an admission by Davis to a detective that she was dealing drugs around the time the sexual assault occurred.

The State argues that Davis failed to make timely objections when the extraneous acts were first raised at trial.

Prior to trial, Davis filed a standard motion in limine that requested, in part, that the State not mention any prior convictions or extraneous bad acts committed by Davis. At a hearing on Davis's motion, the State specifically requested permission to go into statements Davis made during an interview with a detective that she used excessive physical discipline on the victim apart from the sexual assault. Davis's attorney noted, "I don't think it's the same transaction evidence, but I don't think it's probative and I think the prejudicial value would outweigh the probative value."

In another exchange regarding Davis's recorded interviews, Davis's attorney stated, "And, Your Honor, I believe there is also discussion about other types of — other extraneous conduct within those discussions that they are talking about playing. Unless those are edited out, we would object to those playing at all." In response, the State's attorney declared, "Those are edited out. She admits to dealing drugs while this is going on. We edited all of that out. She admits to her other CPS history. We're not planning on playing anything that doesn't related [sic] to [the victim]." The State further agreed to Davis's request to not mention a polygraph and to not bring up Davis's prior convictions. The trial court granted the motion in limine except for the other incidents of physical abuse against the victim. Davis's attorney then noted: "And, Your Honor, I would just ask for — I would object to the mentioning of the extraneous conduct entirely,

that it's not probative and its prejudicial value outweighs the probative value, and, Your Honor, I would ask for a running objection to that for any mention of that." The trial court granted the running objection, but overruled any further motion in limine after considering the balancing test under Rule 403.

### *Preservation of Error*

Preservation of error is a systemic requirement that must be addressed by the appellate court prior to addressing the merits. *Darcy v. State*, 488 S.W.3d 325, 327-28 (Tex. Crim. App. 2016). To preserve error for appellate review, a complaining party must make a timely and specific objection and obtain an express or implied ruling. *See* TEX. R. APP. P. 33.1(a)(1); *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008). The objection must include sufficient specificity to make the trial court aware of the complaint unless the grounds are apparent from the context. *Chung v. State*, 475 S.W.3d 378, 385 (Tex. App.—Waco 2014, pet. ref'd). A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial. *Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009). If a timely and specific objection to the introduction of evidence is not made in the trial court, any alleged error is the type of claim that is forfeited. *Darcy*, 488 S.W.3d at 329-30. An objection must be made each time inadmissible evidence is offered unless the complaining party obtains a running objection or obtains a ruling on his complaint in a hearing outside the presence of the jury. *Lopez*, 253 S.W.3d 684.

1. Evidence of an Assault by Davis. The State elicited testimony from Davis of an incident that occurred approximately one year prior to the trial. Davis was arrested

as the result of an assault on her boyfriend. Davis's behavior was in violation of a contemporaneous bond and a protective order. One of Davis's children was present and splattered with blood during the assault.

Davis objected when the State began to ask her about the assault. The basis for Davis's objection was that the evidence was not relevant. After the trial court overruled her objection, the State then questioned Davis about the assault, the violation of the protective order, and the presence of her child. Davis did not raise a further objection until the State moved to introduce State's Exhibit 7 — Davis's bond conditions. Davis objected that the document was not relevant and was hearsay.

Davis argues on appeal that the trial court erred in admitting the evidence because it was inadmissible under either Rule 403 or 404 of the Rules of Evidence. There was no specific mention of the assault incident during the hearing on Davis's motion in limine. That incident, therefore, was not subject to the trial court's grant of Davis's request for a running objection. Additionally, the trial court denied Davis's motion in limine to other extraneous acts that were not specifically mentioned during the hearing. Because Davis did not make a specific objection under Rule 403 or 404 at the time the issue was first raised, we conclude that Davis's complaint on appeal does not comport with her trial objection and that she has not preserved this complaint for review. *See Resendiz v. State*, 112 S.W.3d 541, 547 (Tex. Crim. App. 2003).

2. Evidence of Davis Dealing Drugs. Davis further argues that the trial court erred in overruling her objection to the State's cross-examination of her regarding the admission she made in a recorded interview that she was dealing drugs during the

time the sexual assault occurred. This same information was elicited from a defense witness, Dominique Robinson, who testified prior to Davis. The State questioned Robinson as follows without objection from Davis:

> Q. And during this time she was doing marijuana all the time?
>
> A. I never seen her do marijuana.
>
> Q. You never saw that?
>
> A. No.
>
> Q. Was she dealing drugs?
>
> A. I never seen her deal drugs.
>
> Q. Would it surprise you that she admits that too?
>
> A. I mean, if that's what she admitted to.
>
> Q. So that wouldn't surprise you, that she hustles, she deals drugs, she uses drugs? That doesn't surprise you?
>
> A. I mean, if she admitted it, then that's what she admitted to. I'm telling you that I never seen her do it.

Overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. This rule applies whether the other evidence was introduced by the defendant or the State. *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998). *See also Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016) (quoting *Leday*, 983 S.W.2d at 718) ("It is well settled that the erroneous admission of testimony is not cause for reversal 'if the same fact is proven by other testimony not objected to.'"); *Mitchell v. State*, 377 S.W.3d 21, 24 (Tex. App.—Waco 2011, pet. dism'd, untimely filed) (error in admission of evidence

cured when same evidence comes in elsewhere without objection). Davis's subsequent objection to this evidence during her cross-examination was insufficient to preserve the issue for appellate review because she did not seek to cure the earlier error, if any, by requesting an instruction to disregard or a mistrial. *See Darcy*, 488 S.W.3d at 330.

Davis failed to make a timely objection to the controverted issue that she was dealing drugs during the time period the sexual assault occurred. As such, Davis has failed to preserve this issue for review.[1] As Davis failed to preserve either of the evidentiary rulings she challenges, Davis's sole issue on appeal is overruled.

### *Conclusion*

Having overruled Davis's sole issue, we affirm the judgment of the trial court.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
  Justice Davis, and
  Justice Neill**
Affirmed
Opinion delivered and filed October 9, 2019
Do not publish
[CR25]



 *(Chief Justice Gray concurs without a separate opinion or note.)
 **(Justice Neill concurs without a separate opinion or note.)

---

[1] The granting of Davis's pre-trial motion in limine did not preserve error. *Martinez v. State*, 98 S.W.3d 189, 192 (Tex. Crim. App. 2003); *Brock v. State*, 495 S.W.3d 1, 12 (Tex. App.—Waco 2016, pet. ref'd). An objection must be made when the subject is raised during trial. *Brock*, 495 S.W.3d at 12. Even though Davis received a running objection, she still did nothing to cure any possible error when the issue of Davis's drug dealing was first raised during Robinson's cross-examination.