Kevin Jewell, Justice
This State's appeal involves the dismissal and refiling of charges against appellee Taylor Barrett Atkinson. After the State refiled the charges, the trial court dismissed the case on double jeopardy grounds, concluding that the State consented to a dismissal of the original case with prejudice. The State challenges the trial court's dismissal of the refiled charges, urging that: (1) the trial court lacked authority to dismiss the original charges with prejudice because the prosecutor did not seek such a dismissal; (2) jeopardy did not attach in the original case and, thus, dismissal of the refiled charges based on a claim of double jeopardy was error; and (3) a special plea such as appellee's must be taken with the case and decided by the trier of fact, instead of being determined during a pretrial hearing.
Because we conclude that jeopardy did not attach in the first instance, we reverse and remand.
Background
The State charged appellee by information with Class A misdemeanor driving while intoxicated ("DWI")[1] in cause number 13-CCR-166390 (the "First Case"). When the First Case was called for trial, the State moved for a continuance.[2] Appellee objected and announced ready for trial. The trial court denied the State's motion for continuance, and the State's prosecuting attorney moved to dismiss. The State filed a motion captioned "Motion to Dismiss," in which the State requested the court to dismiss the First Case "with leave to refile." On the same page as the motion's text appeared a proposed order stating that the cause was dismissed with leave to refile. Appellee objected to the *878 motion to dismiss and again announced ready for trial.
An exchange then transpired that was not recorded and is not contained in our record but was later described under oath by appellee's counsel during the hearing on appellee's special plea, which is at issue in the present appeal. According to appellee's counsel, the trial judge in the First Case told the prosecutor that "the only way he would grant the motion for [dismissal] was with prejudice," but the prosecutor told the judge that she would not "accept that." The judge also told the State that the case was "number 1 for trial."
The State re-urged its motion for continuance or dismissal. Again, according to appellee's counsel, the trial judge offered the prosecutor two options: (1) come back after lunch for trial, or (2) dismiss with prejudice. Faced with these alternatives, the prosecutor told the court to "dismiss the case." As appellee's counsel described events, the trial judge, holding the State's motion to dismiss, wrote "/w prejudice" directly following the words "Motion to Dismiss" in the caption of the State's motion. The judge made no other alterations to the motion. The judge then signed the State's proposed order dismissing the case, which said in its entirety:
The foregoing motion having been presented to me on this the 19 day of Aug. A.D. 2014, and the same having been considered, it is therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed with leave to refile.
(Emphasis added).
Three days later, the State refiled charges against appellee, in cause number 14-CCR-176008, assigned to Fort Bend County Court at Law No. 4 (the "Second Case"). After numerous resets, appellee filed a "Special Plea of Double Jeopardy." In his special plea, appellee asserted that the charges in the Second Case were barred by constitutional and statutory prohibitions against double jeopardy[3] because the trial court dismissed the same charges against him with prejudice in the First Case.
During the hearing on appellee's special plea, appellee's trial counsel acknowledged that (1) the State never sought a dismissal with prejudice in the First Case, (2) the State "initially objected" to the dismissal with prejudice, and (3) the trial court did not "dismiss[ ] with prejudice because the State cannot prove their [sic] case." Counsel further agreed that the prayer contained in the motion to dismiss specifically asked the court to dismiss the case "with leave to refile."
Appellee's trial counsel was the only witness to testify at the hearing on the special plea.[4] The trial court admitted into evidence the First Case's dismissal motion and the signed order specifying that the case was "dismissed with leave to refile," as well as the trial court's docket sheet. The docket sheet contains a stamped notation stating, "MOTION TO DISMISS GRANTED AS PER ORDER ON FILE." Additionally, the following handwritten notes appear on the docket sheet: "Case set for trial, 1st case on docket, oldest case, defendant's attorney announced ready, D.A. not prepared & requested dismissal. Dismissed with prejudice."
After hearing the evidence and argument of counsel regarding appellee's special *879 plea, the trial court determined that the trial judge in the First Case provided the State an "ultimatum" to dismiss with prejudice or try the case, that the prosecutor "tacitly" consented to the dismissal, and that the prosecutor made "an effort to control the Court's docket." The trial court concluded that, because "the dismissal was tacitly consented to by the State," the trial court "lacked jurisdiction to hear [the Second Case] on jeopardy grounds." The trial court signed an order dismissing the Second Case with prejudice. The State has timely appealed.
Analysis
In three issues, the State contends that the trial court erred in granting appellee's special plea of double jeopardy. First, the State argues that, assuming the dismissal order in the First Case dismissed that case with prejudice, a court lacks authority to dismiss a case with prejudice over the State's objection, and a prosecutor cannot "tacitly consent" to an option that a trial court has no authority to require. Second, the State says jeopardy never attached in appellee's First Case; thus, the challenged order dismissing the Second Case on double jeopardy grounds is error. Third, the State contends that a special plea must be carried with trial and decided by the trier of fact.
Because the substance and character of the order dismissing the First Case is dispositive of this appeal, we address that issue first.[5] Based on our examination of the order, we conclude as a matter of law that the trial court did not dismiss the First Case with prejudice and, therefore, jeopardy did not attach in the First Case.
The motion to dismiss has the words "/w prejudice" hand-written by the caption, with no other alterations. (The trial judge, not the prosecutor, added those words to the State's motion.) The reason for the motion-"in the interest of justice"-and the relief requested in the prayer-"dismissed with leave to refile"-are not consistent with a motion to dismiss with prejudice. Further, the order signed by the trial court dismissing the First Case states that the case is "dismissed with leave to refile." We are therefore presented with an unambiguous order that is consistent with the relief requested in the motion to which the order relates, but is inconsistent with the interlineated caption of the same motion.
Our decision turns on the unambiguous text of the dismissal order in the First Case. That order contains no language indicating that the trial court dismissed the case with prejudice. Instead, it states the case "is hereby dismissed with leave to refile. " (Emphasis added). When, as in this case, a trial court's order is unambiguous, we construe the order as a whole and declare its intent in light of the literal language used, without considering matters extrinsic to the order. See Reiss v. Reiss , 118 S.W.3d 439, 441-42 (Tex. 2003) (holding that unambiguous decree must be *880 enforced literally, without consideration of matters extrinsic to the decree); Gulf Ins. Co. v. Burns Motors, Inc. , 22 S.W.3d 417, 422 (Tex. 2000) (holding that language of unambiguous judgment must be enforced without consideration of extrinsic evidence as to its meaning). Based on the order's plain language, and appropriately guided by the order's substantive text, we conclude that the trial court did not dismiss the First Case with prejudice. See State v. Moreno , 294 S.W.3d 594, 598 (Tex. Crim. App. 2009) (explaining that court is not bound by trial judge's label when categorizing an order, but must instead "examine the substance of the order"). The order is unambiguous, and we will not give the decree an effect different from that expressed by its literal, unambiguous terms.
Further, the hand-written addition to the motion's caption does not compel a contrary holding. The motion's caption was altered by the trial judge, not the State's counsel. Although it is the trial judge's office to rule on motions, it is not the trial judge's place to modify them. The changes to the caption were not part of the motion filed by the State. In any event, the substance of (and relief requested in) a motion-not its label-controls the motion's character. See Skinner v. State , 484 S.W.3d 434, 437 (Tex. Crim. App. 2016) ("Our precedent is clear that when construing an order or motion, we consider the substance of the filing and not just the label attached to it."). "The effect of a motion is not determined by its caption, but rather by its contents and the purpose for which it is offered." State v. Dickerson , 864 S.W.2d 761, 764 (Tex. App.-Houston [1st Dist.] 1993, no pet.) ; see also Carlisle v. State , 818 S.W.2d 156, 159 (Tex. App.-Houston [1st Dist.] 1991, no pet.) ; Hernandez v. State , 767 S.W.2d 902, 903-04 (Tex. App.-Corpus Christi 1989), aff'd , 800 S.W.2d 523 (Tex. Crim. App. 1990). Thus, despite the motion's caption, which was modified by the judge and not the movant, we conclude that the State sought a dismissal with leave to refile, which is consistent with the relief granted as stated in the order.
Finally, although the trial court's docket sheet indicates a dismissal with prejudice, docket-sheet entries do not control over the text of a written order. See Hernandez v. State , 84 S.W.3d 26, 32 n.3 (Tex. App.-Texarkana 2002, pet. ref'd) (noting that docket sheet "may supply facts in certain situations, but it cannot be used to contradict or prevail over a final judicial order" (quoting N-S-W Corp. v. Snell , 561 S.W.2d 798, 799 (Tex. 1977) ). Docket sheets do not constitute signed, written orders, nor are they final judgments. See In re K.M.B. , 148 S.W.3d 618, 622 (Tex. App.-Houston [14th Dist.] 2004, no pet.) (explaining that a docket sheet entry does not constitute a signed, written order); Espeche v. Ritzell , 123 S.W.3d 657, 664 (Tex. App.-Houston [14th Dist.] 2003, pet. denied) ("The docket sheet entry may not stand as an order."). Thus, we may not rely upon a docket sheet entry to contradict the trial court's written and signed order.
For these reasons, we sustain the State's second issue and hold the trial court erred in concluding that jeopardy barred the State from refiling charges against appellee in the instant case. Due to our holding, we need not address the State's remaining issues.
Conclusion
For the foregoing reasons, none of the grounds asserted in appellee's special plea *881 of double jeopardy provide a proper legal basis for the trial court's grant of the special plea and dismissal with prejudice of the instant case. Accordingly, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

See Tex. Penal Code § 49.04(a), (d).

The State sought the continuance because the "State's Notice of Intent to Use as Evidence Business/Medical Records Accompanied by Affidavit" had not been on file for the requisite fourteen days before trial.

See U.S. Const. amends. V, XIV ; Tex. Const. art. 1, § 14 ; Tex. Code Crim. Proc. arts. 1.10, 27.05.

The trial judge who signed the dismissal order in the First Case did not testify and was not the presiding judge in the Second Case.

The State preserved error on this point by its arguments at the hearing on the double-jeopardy plea, in which the State asserted that the plea should be denied because: (1) jeopardy did not attach in the First Case; and (2) though the handwritten language "/w prejudice" added by the trial judge in the First Case was void, the dismissal was valid, thus effectively arguing that the trial judge in the First Case dismissed without prejudice. See Darcy v. State , 488 S.W.3d 325, 327-28 (Tex. Crim. App. 2016) (noting that first-tier appellate courts may not reverse judgment without first addressing error preservation, even if preservation is not raised by either party).