**Affirmed and Opinion filed December 22, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00898-CR

### EX PARTE WALTER D. ALLEN, JR., Appellant

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1339605A**

## O P I N I O N

Appellant Walter D. Allen, Jr. appeals from the trial court's order denying his application for a writ of habeas corpus, filed under article 11.072 of the Texas Code of Criminal Procedure. We affirm the trial court's denial of appellant's application.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In 2012, appellant entered a "guilty" plea to the offense of attempted theft. As part of his plea agreement, the trial court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice but suspended that

sentence for ten years and placed appellant on community supervision for that term. At the halfway point in the community-supervision term, appellant moved the trial court to terminate his community supervision. The trial court heard and disposed of appellant's motion, and issued an order entitled "Order Affecting Community Supervision" ("2017 Order").

According to appellant's application for a writ of habeas corpus, filed two years later, the trial court granted his motion to terminate community supervision in the 2017 Order. In the habeas application, appellant alleged that the Harris County Community Corrections and Supervisions Department continued to require compliance with community supervision in alleged violation of the 2017 Order. Appellant attached to his application an unofficial copy of the court's 2017 Order and a printout of a screenshot of the Harris County Clerk's website, which included an entry on March 15, 2017, for an order entitled "Disposition – Termination Deferred Adjudication."

The State did not file an answer in the habeas proceeding but appeared at a hearing held in September 2019. The hearing was not recorded, and according to appellant's briefing, no party offered evidence at the hearing, and appellant relied on the two documents attached to his application. Both appellant and the State agree that at the hearing the trial court stated that it denied appellant's application.

Following the hearing, the State filed proposed findings of fact and conclusions of law, along with a proposed order denying appellant's application. Appellant filed written objections to the State's proposed findings of fact and conclusions of law. The trial court adopted and issued those findings of fact and conclusions of law along with the order denying appellant's application. Appellant has appealed this order under section 8 of article 11.072 of the Code of Criminal Procedure, which provides that an applicant for habeas corpus relief under article

11.072 may appeal the court's denial of the habeas-corpus application. *See* Tex. Code Crim. Pro. Ann. art. 11.072, § 8.

## II. ISSUES AND ANALYSIS

We review a ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Garcia*, 353 S.W.3d 785, 787 (Tex. Crim. App. 2011). We decide whether a trial court abused its discretion by determining whether the court acted without reference to any guiding rules or principles, or in other words, whether the court acted arbitrarily or unreasonably. *See Ex parte Wolf*, 296 S.W.3d 160, 166 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). A trial court abuses its discretion if its decision lies outside the zone of reasonable disagreement. *Id*. An applicant seeking post-conviction habeas-corpus relief shoulders the burden to establish by a preponderance of the evidence that the facts entitle the applicant to relief. *Id*.

In reviewing the trial court's ruling on an application for habeas relief, we examine the evidence in the habeas record in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). The trial court stands as the sole finder of fact in a post-conviction application for writ of habeas corpus filed under article 11.072. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016). We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rest upon an evaluation of the witnesses' credibility and demeanor. *Ex parte Reed*, 402 S.W.3d 39, 42 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). We apply the same deference to review the habeas court's application of law to fact questions if resolving those determinations rests upon an evaluation of credibility and demeanor; if the outcome of those ultimate questions turns upon an application of legal standards, we review the habeas court's

3

determination de novo. *Id.* We will uphold the trial court's ruling as long as it is correct on any theory of law applicable to the case. *Ex parte Taylor*, 36 S.W.3d 883, 886 (Tex. Crim. App. 2001) (per curiam).

**A. Did the trial court err in finding the appellant failed to carry his burden of showing the trial court previously had terminated his community supervision?**

In his first issue, appellant argues that the habeas court erred in allegedly reviving community supervision after the court allegedly terminated community supervision in the 2017 Order. Taking the position that the trial court earlier had granted his motion to terminate community supervision and drawing from the legal premise that community supervision cannot be revived after it has been terminated, appellant argues that the habeas court erred when it reinstated community supervision after interpreting its previous order to be one denying appellant's motion to terminate supervision.

Appellant attached an uncertified copy of the 2017 Order and supplemented his habeas application with a copy of a screenshot of the Harris County District Clerk's website indicating an order issued on the same date contained the title "Disposition – Termination Deferred Adjudication". Appellant provided no other support for his application. We have no record of the habeas hearing and neither party contends that the parties offered or the trial court admitted evidence at the hearing. In evaluating whether appellant satisfied his burden, we will presume for the sake of argument that that the trial court considered the two items attached to appellant's application as evidence at the habeas hearing.

The 2017 Order is made on a standardized, pre-printed form, with a handwritten comment by the judge, along with a handwritten date, and the judge's signature. The pre-printed form contains three distinct sections, with two horizontal double-lined breaks running across the page, the first of which

4

demarcates a division between the top section in which the judge makes a finding and the middle "Motion Denied Section," and the second double-lined break demarcates a division between the "Motion Denied Section," and the bottom "Motion Granted Section." The entire form contains a number of selection boxes that represent an array of choices pertinent to the disposition of various types of motions to terminate community supervision. Only the "Motion Denied Section" appears to be filled out by hand, with one box marked "X" indicating a "comment" stated as "Due to Nature of offense" and a handwritten date and the judge's signature under the text: "Accordingly, the Court ORDERS defendant's motion to terminate community supervision denied." No date or signature appears below the language in the "Motion Granted Section," which states: "Accordingly, the Court ORDERS defendant's community supervision terminated. The Court further ORDERS, ADJUDGES AND DECREES that the defendant is discharged according to law".

The habeas court found that two boxes on the page were checked electronically while the document was in its electronic form (before printing). The first electronically-checked box appears in the top section; if this mark were intended, it would lend the form to read: "After considering the community supervision officer's recommendation and other evidence, the presiding judge finds that the Defendant: . . .[electronically checked box]. . . "has satisfactory fulfilled the condition of supervision imposed by the court under the Texas Code of Criminal Procedure and/or Chapter 481 of the Texas Health and Safety Code." The only other content in the top section is an unchecked box stating the alternative-finding option, that appellant "has not satisfactory fulfilled the condition of supervision imposed by the court under the Texas Code of Criminal Procedure and/or Chapter 481 of the Texas Health and Safety Code".

5

An electronically-checked box appears in the "Motion Granted Section" next to "Deferred Adjudication Early Termination." Checking this box selects the following two sentences to the right of the checked box on the pre-printed form: "The best interests of the defendant and society will be served by the early termination of defendant's supervision period. The Court has not proceeded to an adjudication of guilt during the period of supervision."[1] The "Motion Granted Section" is neither signed nor dated.

When a trial court's order is unambiguous, we construe the order as a whole and declare its intent in light of the literal language used, without considering matters extrinsic to the order. *State v. Atkinson*, 541 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2017, no pet.). It appears that the habeas court found that the court did not intend to adopt the text in the pre-printed boxes. In any event, even presuming that the trial court made the findings indicated by the pre-printed boxes and that these findings are contrary to a denial of the motion to terminate, nothing indicates that the trial court adopted the language of the "Motion Granted" heading, much less that it adopted the adjudicative language at the base of that section so as to indicate that the trial court granted the motion to terminate. Thus, under the governing standard, the character and substance of the order stands as an unambiguous denial of the motion to terminate, as reflected in the hand-marked "Motion Denied Section". *See id*. In denying a motion to terminate, the court may make findings that conflict with this ruling. These findings do not show that the court granted the motion.

In this context, construing the order as granting the motion to terminate

[1] The "Motion Granted Section" contains three other options, including one option pertaining to adjudicated convictions with suspended sentences (as opposed to deferred adjudication), stated as "The Defendant has satisfactorily fulfilled the conditions of supervision imposed by the Court for two (2) years or more for more than one-third (1/3) of the time to which defendant was sentenced to community supervision."

would not be reasonable. *See id.* We conclude that the order is unambiguous and under its plain wording the trial court denied the motion to terminate. *See id.* Based on the order's plain language, and appropriately guided by the order's substantive text, we conclude that the trial court did not grant the motion to terminate. *See id.* Appellant's supplemental evidence (the screenshot of the clerk's characterization of the 2017 Order) does not show that the trial court granted the motion to terminate, and in any event, it is extrinsic evidence. *See id.*

Neither party has indicated whether a hearing took place in connection with the appellant's 2017 motion to terminate community supervision. Nor do we have a record of the motion to terminate or any evidence offered in support of it. Appellant did not bring forth a contradicting oral pronouncement. Because we conclude that the 2017 Order is an order denying a motion to terminate community supervision and that the court has granted no other motion to terminate, we overrule appellant's first issue. *See Ex parte Taylor*, 36 S.W.3d at 886.

**B. Did the trial court commit reversible error when it implicitly overruled appellant's objections to the State's proposed findings of fact and conclusions of law?**

Appellant's second issue relates to the State's post-hearing filing of proposed findings of fact and conclusions of law. Liberally construed, appellant's brief contains a complaint that the trial court erred in adopting findings of fact based on evidence the State provided post-hearing, which appellant contends the State had waived any right to present. The four attachments consisted of the following documents:

- Exhibit A, which included (1) the March 15, 2012 Judgment of Conviction indicating appellant's "guilty" plea to the second degree felony of attempted theft, signed by the judge (2) the Original Conditions for Community Supervision, signed by appellant and the court on the same date, and (3) First Amended

Conditions for Community Supervision, signed by appellant and the court on July 27, 2012.

- Exhibit B, which included the court's dismissal of forgery charges on March 15, 2012;

- Exhibit C, a certified copy of the May 15, 2017 Order Affecting Community Supervision; and

- Exhibit D, a blank form entitled, "Order of Early Discharge From Community Supervision (Probation)" with a form version dated January 2018.

Appellant asserted no specific objection to any of these items, but objected only to their alleged untimeliness and the State's standing to submit them. To the extent that appellant's complaint is that the State's failure to file an answer operated as a default, or that the State's failure to file an answer shifted appellant's burden, we disagree. The statute provides that the State "is not required to file an answer," and that "[m]atters alleged in the application not admitted by the state are considered to have been denied." Tex. Crim. Proc. Code Ann. Art. 11.072, § 5(b) & (e).

We also consider appellant's second issue to the extent that appellant argues the trial court erred in permitting the State to submit evidence after the hearing on September 2019. First, as the State points out, its submission of proposed findings of fact and conclusions of law are not governed by a particular deadline. However, we will presume for the sake of argument that the trial court erred in failing to sustain appellant's objections and then consider whether the supposed error would be harmful. The parties agree that the court already had stated its ruling. The record shows that at the time the hearing ended, appellant had failed to satisfy his own burden of proof. The State's supplying of evidence afterwards does not change appellant's failure to prove entitlement to the relief sought. Even ignoring all of the evidence submitted by the State, the record still does not show that the habeas court erred in concluding that the trial court denied the motion to terminate

community supervision or in denying the application. See *Wilkinson v. State*, 523 S.W.3d 818, 825–26 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd)(finding harmless any error in the admission of emergency medical services report narrative containing domestic assault victim's statement). Any error in considering the State's evidence would be harmless. *See id*. We therefore overrule appellant's second issue.

### III. CONCLUSION

Because appellant's issues lack merit on review of the habeas court's ruling, we overrule his challenges and affirm the trial court's judgment denying habeas relief.

/s/     Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant.

Publish — TEX. R. APP. P. 47.2(b).