# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-25-00540-CR
NO. 03-25-00541-CR
NO. 03-25-00551-CR

---

**Ex parte Robert Joseph Yezak**

---

**FROM THE 27TH DISTRICT COURT OF BELL COUNTY
NO. FR78644, THE HONORABLE DEBBIE GARRETT, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

The State has indicted appellant Robert Joseph Yezak with driving while intoxicated (DWI)—third offense or more. *See* Tex. Penal Code §§ 49.04(a), .09(b)(2). Yezak attempts to appeal from the trial court's denials of his: (1) pretrial application for writ of habeas corpus on June 12, 2025 (03-25-00540-CR); (2) motion to disqualify Judge Debbie Garrett (03-25-00541-CR); and (3) pretrial application for writ of habeas corpus on July 17, 2025 (03-25-00551-CR).[1] We conclude that we lack jurisdiction over the appeals.

### I. Hybrid Representation

The record reflects that the appeals are impermissible attempts at hybrid representation. A defendant has no right to hybrid representation, *see Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex.

---

[1] For appellate cause numbers 03-25-00540-CR and 03-25-00551-CR, we address Yezak's amended notices of appeal. *See* Tex. R. App. P. 25.2(f) (allowing appellant to file amended notice of appeal at any time before his brief is filed).

Crim. App. 1989), and a trial court is free to disregard pro se filings presented by a defendant who is represented by counsel, *Jenkins v. State*, 592 S.W.3d 894, 902 n.47 (Tex. Crim. App. 2018).

The record includes five orders from the trial court appointing counsel for Yezak. In the most recent—entered on March 18, 2025—Thomas Seigman was appointed to represent Yezak in trial court cause number 78644 "in all litigation in the trial court through and including a ruling on a Motion for New Trial, and filing a notice of appeal, if appropriate, unless released by written order of this Court at an earlier date or by the Court's appointment of appellate counsel." There is no written order in the record releasing Seigman from his appointment, and the trial court has not appointed appellate counsel for Yezak. Thus, when Yezak filed his notices of appeal in this Court in July 2025, he was represented by counsel in the trial court, and his notices of appeal present nothing for our review. *See Holman v. State*, Nos. 03-25-00312-CR, 03-25-00313-CR, 2025 WL 1999225, at *1 (Tex. App.—Austin July 18, 2025, no pet.) (mem. op., not designated for publication) ("Holman has no right to hybrid representation, and because he is represented by counsel in both cases, his notices of appeal present nothing for our review.").

We note that the record includes a signed docket-sheet entry dated July 17, 2025, in which the trial court stated that during a hearing on that date, "Tom Seigman who was present as stand by counsel became counsel for the defendant . . . . [D]efendant requested Tom Seigman as his Counsel. Tom Seigman came to counsel table as counsel for defendant."

The entry does not change our analysis. The order appointing Seigman to represent Yezak was unqualified and did not refer to Seigman as standby counsel. To the extent that the order and docket entry conflict, the order controls. *See State v. Atkinson*, 541 S.W.3d 876,

2

880 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("[W]e may not rely upon a docket sheet entry to contradict the trial court's written and signed order."); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.) ("Docket sheet entries are not part of the record because they are inherently unreliable, lacking the formality of orders and judgments."); *Bell v. State*, 734 S.W.2d 83, 84 (Tex. App.—Austin 1987, no pet.) ("The record, not the docket entry, is the authoritative evidence upon which the parties must rely on appeal.").

## II.     Signed and Written Orders

Additionally, the clerk's record for trial court cause number 78644 reflects that the trial court has not ruled on any of Yezak's six pretrial applications for writ of habeas corpus. Although Yezak filed an application on July 17, 2025, the pro se order accompanying the application is likewise unsigned.

We have jurisdiction to consider appeals from the entry of an appealable order. *See* Tex. R. App. P. 25.2; Tex. Code Crim. Proc. art. 44.02; *see also* Tex. R. App. P. 26.2(a)(1). However, there must be a written and signed order from which to appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (affirming dismissal for lack of jurisdiction because record contained no written order from which defendant could appeal); *State v. Rosenbaum*, 818 S.W.2d 398, 401–02 (Tex. Crim. App. 1991) (holding that for purposes of appeal, trial court "enters" order when judge signs order). Without a written order signed by the trial court ruling on Yezak's pretrial habeas applications, there are no appealable orders in cause numbers 03-25-00540-CR and 03-25-00551-CR. *See Sanavongxay*, 407 S.W.3d at 259; *see also Hernandez v. State*, No. 03-23-00526-CR, 2023 WL 7356903, at *1 (Tex. App.—Austin Nov. 8, 2023, no pet.) (mem. op., not designated for publication) ("Because the trial court has

3

not yet entered a signed written order in the habeas proceeding or made a finding of guilt or received a jury verdict with respect to the charged offense, we lack jurisdiction over this matter.").

## III. Denial of Motion to Disqualify

On the other hand, while the clerk's record contains a signed denial of Yezak's motion to recuse or disqualify the trial court judge, we would lack jurisdiction over an appeal from such an order even if it were not an impermissible attempt at hybrid representation.

An order denying a motion to recuse is reviewable only on appeal from a final judgment. Tex. R. Civ. P. 18a(j)(1)(A). There is no final judgment of conviction in this record. Without a timely appeal from a final conviction in a criminal case, we lack jurisdiction over a stand-alone order denying a motion to recuse. *See Green v. State*, 374 S.W.3d 434, 445–46 (Tex. Crim. App. 2012).

An order on a motion to disqualify "may be reviewed by mandamus and may be appealed in accordance with other law." Tex. R. Civ. P. 18a(j)(2); *see De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (applying Rule 18a to criminal cases). In criminal cases, "[j]urisdiction must be expressly given to the courts of appeals in a statute" thus, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). There is neither a mandamus petition before us nor any statutory authorization for an interlocutory appeal of an order denying a motion to disqualify in a criminal case. *See Abdullah v. State*, No. 03-22-00286-CR, 2022 WL 3006783, at *1 (Tex. App.—Austin July 29, 2022, pet. ref'd) (mem. op., not designated for publication).

For these reasons, we dismiss these appeals for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Dismissed for Want of Jurisdiction

Filed:   August 6, 2025

Do Not Publish