# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00191-CR

---

### Germaine Saunders, Appellant

### v.

### The State of Texas, Appellee

---

### FROM THE 426TH DISTRICT COURT OF BELL COUNTY
### NO. 78048, THE HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury found appellant Germaine Saunders guilty of two counts of aggravated sexual assault of a child for sexually abusing his stepdaughter, A.T., when she was eight years old. *See* Tex. Penal Code § 22.021(a)(1)(B)(i), (2)(B). The jury assessed appellant's punishment at confinement for sixty-six years in the Texas Department of Criminal Justice for Count I, which alleged the penetration of A.T.'s sexual organ by appellant's penis, and seventy-five years for Count II, which alleged the penetration of A.T.'s anus by appellant's penis, and, in addition, assessed a $10,000 fine for each count. *See id.* § 12.32. In three points of error, appellant complains about the admission of testimony from multiple outcry witnesses, the violation of his right to present a complete defense, and testimony that improperly commented on his right to remain silent. We affirm the trial court's judgments of conviction.

## DISCUSSION[1]

### Outcry Testimony

In his first point of error, appellant argues that the trial court erred in allowing a school social worker and a forensic interviewer to testify as outcry witnesses. Appellant also complains that the requisite hearing "to determine the reliability of [these] witnesses" was not held, in violation of the outcry statute.[2]

Article 38.072 of the Code of Criminal Procedure, the outcry statute, governs the admissibility of certain hearsay evidence in specified crimes against a child younger than fourteen years old. *See* Tex. Code Crim. Proc. art. 38.072. The statute creates a hearsay exception and allows testimony of the first adult in whom a child confides regarding sexual or physical abuse. *See id.* § 2(a)(3); *Martinez v. State*, 178 S.W.3d 806, 810–11 (Tex. Crim. App. 2005). The child's statement to the adult is commonly known as the "outcry," and the adult who testifies about the outcry is commonly known as the "outcry witness." *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The Court of Criminal Appeals has explained that under article 38.072, the proper outcry witness is the first adult person to whom the child

---

[1] The jury heard testimony from eleven-year-old A.T. that when she was eight years old (when she was in second grade and "probably first"), appellant repeatedly put "his thing"—which she explained was on the front part of his body and looked "circular" and "sort of like a unicorn horn but different in a way"—inside her "butthole" and "coochie," which were the parts that a girl uses to use the bathroom. She explained that appellant put Vaseline on "his thing" and then on her; then put "his thing" inside her and would "just go back and forth." She said that it was "uncomfortable and hurt." Because the parties are familiar with the facts of the case, its procedural history, and the evidence adduced at trial, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

[2] We note that the hearing under article 38.072 requires the trial court to find "that the statement [of the child victim] is reliable based on the time, content, and circumstances of the statement." Tex. Code Crim. Proc. art. 38.072, § 2(b)(2). The reliability finding relates to the child's outcry statement to the witness, not the reliability of the outcry witness.

describes the alleged offense in some discernible manner beyond general insinuations that sexual abuse occurred. *Lopez v. State*, 343 S.W.3d 137, 140 (Tex. Crim. App. 2011); *see Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990) ("[T]he statement must be more than words [that] give a general allusion that something in the area of child abuse was going on."); *see also Reyes v. State*, 274 S.W.3d 724, 727 (Tex. App.—San Antonio 2008, pet. ref'd) ("Simply put, the outcry witness is the first adult to whom the child tells 'how, when, and where' of the assault."). In cases where a child has been victim to more than one instance of sexual assault, multiple outcry witnesses may testify about separate acts of abuse committed by the defendant against the child, but there may be only one outcry witness per event. *Lopez*, 343 S.W.3d at 140 (citing *Broderick v. State*, 35 S.W.3d 67, 73–74 (Tex. App.—Texarkana 2000, pet. ref'd)).

When A.T. was in the third grade, she first disclosed appellant's sexual abuse of her to a classmate at school during recess, shortly after her family had moved from Killeen, Texas, to North Carolina. The classmate told her mother, and the mother called their teacher.

A.T.'s teacher testified at trial, first at a hearing outside the presence of the jury, *see* Tex. Code Crim. Proc. art. 38.072, § 2(b)(2), and then before the jury. He explained that the mother of one of his students called him to inform him that her daughter had been playing with A.T. during recess, and A.T. had told her daughter "some sexually explicit talk that she didn't think that a normal third grader should be talking about." The next day at school, he talked to A.T. about the conversation with her classmate, and A.T. told him that her stepdad "sometimes sticks his penis — his weiner into her when her mom goes shopping." The teacher immediately called the school social worker, who talked with A.T. and then made a report to Child Protective Services.

The school officials called A.T.'s mother, and she went to the school to meet with them. A.T.'s father, who lives in California, joined the meeting by speaker on his ex-wife's cell phone. The school officials informed A.T.'s parents about what A.T. had disclosed to them. After the meeting, A.T.'s mother took A.T. to the children's advocacy center, where she was interviewed by a forensic interviewer.

At trial, A.T.'s teacher testified as the outcry witness. The school social worker and the forensic interviewer from the children's advocacy center also testified at trial, each recounting what A.T. had disclosed to them about the sexual abuse perpetrated by appellant. In addition, a video recording of the forensic interview of A.T. and anatomical drawings that she made during the interview were admitted into evidence without objection.

Appellant maintains that A.T.'s teacher was the proper outcry witness and, therefore, admission of the testimony of the school social worker and the forensic interviewer from the children's advocacy center—particularly without a hearing pursuant to the outcry statute to determine the reliability of A.T.'s outcry statements to these witnesses—violated article 38.072.

To preserve a complaint for appellate review, a defendant must lodge a timely and specific request, objection, or motion with the trial court and obtain an adverse ruling. Tex. R. App. P. 33.1(a)(1)(A); *see Burg v. State*, 592 S.W.3d 444, 448 (Tex. Crim. App. 2020). "While no 'hyper-technical or formalistic use of words or phrases' is required in order to preserve error, the proffering party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Golliday v. State*, 560 S.W.3d 664, 670 (Tex. Crim. App. 2018) (quoting *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012)).

4

At trial, appellant neither objected generally to the testimony of either the school social worker or the forensic interviewer before their testimony nor did he object specifically to their testimony about A.T.'s statements to them concerning the sexual abuse that appellant perpetrated against her. Appellant never asserted in the trial court that the testimony of either of these two witnesses was improper outcry testimony, that its admission violated article 38.072, or even that it was inadmissible hearsay. Likewise, he never complained about the trial court's failure to conduct a hearing pursuant to article 38.072 as to these two witnesses.[3] Consequently, appellant failed to preserve error, if any, in the trial court's admission of the testimony of either the school social worker or the forensic interviewer for appellate review. *See* Tex. R. App. P. 33.1(a); *see also State v. Arizmendi*, 519 S.W.3d 143, 168 (Tex. Crim. App. 2017) ("To preserve error, the complaining party must object and get an adverse ruling from the trial court.").

Preservation of error is a systemic requirement on appeal. *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016); *Bekendam v. State*, 441 S.W.3d 295, 299 (Tex. Crim. App. 2014); *see Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020) (observing that "preservation of error is a systemic requirement that a first-tier appellate court is obligated to address before reversing a conviction"). A reviewing court should not address the merits of an issue that has not been preserved for appeal. *Blackshear v. State*, 385 S.W.3d 589, 590 (Tex. Crim. App. 2012); *Wilson v. State*, 311 S.W.3d 452, 473–74 (Tex. Crim. App. 2010). Accordingly, we overrule appellant's first point of error.

---

[3] The record demonstrates that the trial court conducted the requisite hearing pursuant to article 38.072 as to the reliability of the statement that A.T. made to her teacher.

5

**Right to Present a Complete Defense**

In his second point of error, appellant asserts that the trial court violated his right to present a full defense by excluding evidence of a "prior false accusation" that A.T. purportedly made against her stepbrother.

During the cross examination of A.T.'s therapist, appellant sought to ask the therapist if she "remember[ed] the outcry [A.T.] made against her [stepbrother] in February of —." The State objected, and the jury was removed from the courtroom. Outside the presence of the jury, the trial court asked appellant "where [he was] headed." Appellant explained,

> Well, not in regards to any sexual acts or activities of [A.T.]. This is in regards to the outcry she made against her older [stepbrother] in regards to inappropriate touching and that's the extent. There's nothing regarding her sexual activity or her sexuality in any way. She made an outcry in February of 2016 that she was inappropriately touched by [her stepbrother].

The prosecutor objected "under rape shield." The trial court sustained the objection.

As an initial matter, we observe that, at trial, appellant neither indicated or demonstrated that the prior outcry that A.T. purportedly made against her stepbrother was a "false accusation" nor did he explain what the "inappropriate touching" involved.[4] *See Lopez v. State*, 18 S.W.3d 220, 265 (Tex. Crim. App. 2000) (observing that "[w]ithout proof that the prior accusation was false or that the two accusations were similar, the evidence fails to have any probative value in impeaching [the complainant's] credibility in this case"). Indeed, the fact that the State objected "under [the] rape shield" provision suggests that A.T.'s prior outcry against her stepbrother related to additional prior sexual abuse perpetrated against A.T. by her

---

[4] In his brief, appellant makes the conclusory statement, "The fact that A.T. made a prior allegation of sexual abuse against her stepbrother, which was presumably found to be false, was 'relevant, reliable evidence' which formed a vital part of Appellant's defense." We find no support in the record for this assertion of falsity.

stepbrother. *See* Tex. R. Evid. 412(a) (providing that evidence of complaining witness's past sexual behavior, either in form of specific instances of conduct or reputation or opinion evidence, is not admissible in criminal trial for sexual-assault offense).

In any event, before considering the trial court's ruling excluding the testimony about A.T.'s outcry against her stepbrother, we must determine whether appellant preserved this complaint for appellate review. *See Dixon*, 595 S.W.3d at 223; *Darcy*, 488 S.W.3d at 328; *Bekendam*, 441 S.W.3d at 299. An appellate issue involving a proffer of evidence, as opposed to an objection, must still satisfy the preservation-of-error requirements. *Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005). Thus, to preserve error regarding the exclusion of evidence, a party must not only tell the judge that the evidence is admissible but must also explain why it is admissible. *See id.* at 177 (explaining that "it is not enough to tell the judge that evidence is admissible[;] [t]he proponent . . . must have told the judge why the evidence was admissible"); *see also Golliday*, 560 S.W.3d at 669 (observing that "[a]ppellant was responsible for preserving the error he sought to raise on appeal by specifically articulating the legal basis for his proffer at trial"); *White v. State*, 549 S.W.3d 146, 152 (Tex. Crim. App. 2018) (stating that "[t]he proponent of the evidence must identify to the trial court the basis of admissibility for the proffered evidence").

On appeal, appellant argues that the exclusion of evidence about A.T.'s outcry against her stepbrother violated his "right to present a full defense." *See Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (explaining that "[t]he United States Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense"). However, at trial, when appellant sought to question the therapist about A.T.'s previous outcry against her stepbrother, he failed to provide any legal basis for the admission of the evidence. He never

raised a constitutional argument for admitting the evidence. He did not cite to any constitutional provisions nor did he mention the right to present a complete defense. He did not in any way assert that the court's refusal to allow him to question the therapist about A.T.'s previous outcry against her stepbrother violated his right to present a complete defense.

While the right to present a complete defense is rooted in constitutional protections, *see Holmes*, 547 U.S. at 324, even constitutional rights may be waived if the proper request, objection, or motion is not asserted in the trial court, *Garza v. State*, 435 S.W.3d 258, 260–61 (Tex. Crim. App. 2014); *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014).

At trial, appellant neither offered the evidence nor objected to its exclusion on the ground that his constitutional right to present a complete defense was compromised by the exclusion of the evidence. Because appellant did not articulate that his right to present a complete defense supported (or required) the admission of the evidence about A.T.'s prior outcry, the trial court never had the opportunity to rule on this rationale. Thus, the record reflects that appellant failed to satisfy the preservation-of-error requirements concerning his constitutional complaint because he did not raise a violation of his right to present a complete defense in any way to the trial court. *See Golliday*, 560 S.W.3d at 670–71 (explaining that to preserve argument that exclusion of defensive evidence violates constitutional principles, defendant must state grounds for ruling sought with sufficient specificity to make court aware of constitutional grounds); *see, e.g.*, *Reyna*, 168 S.W.3d at 179 (concluding that "arguments about hearsay did not put the trial judge on notice that he was making a Confrontation Clause argument").

Accordingly, we hold that appellant's complaint—that the trial court's exclusion of evidence about A.T.'s "prior outcry" against her stepbrother violated his constitutional right to

8

present a complete defense—is not preserved for appellate review. We overrule appellant's second point of error.

## Comment on Right to Remain Silent

In his third point of error, appellant contends that the prosecutor impermissibly commented on his right to remain silent by eliciting certain testimony from the child forensic social worker from the North Carolina Child Protective Services. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 10; *see also* Tex. Code Crim. Proc. art. 1.05. The testimony at issue arose when the prosecutor asked the CPS worker about her contact with appellant when she went to the family's home in North Carolina to implement a safety plan for all the children in the home after A.T. made her outcry about appellant's sexual abuse. After explaining the implementation of the safety plan, the following exchange occurred:

PROSECUTOR: All right. In the home when you spoke to [appellant], did you ask if he was willing to answer any type of questions?

WITNESS: When I was first able to speak with him, we were at the dining room table. He was very cooperative. He denied the allegations, but then he did state that if he was going to answer any other questions, he has to talk to his attorney.

PROSECUTOR: He said no and that was it?

WITNESS: Yes.

PROSECUTOR: And then he wanted an attorney before he answered anything else?

WITNESS: Yes.

At that point, the prosecutor passed the witness. Appellant asked no questions, and the social worker was excused.

9

Once again, to preserve a complaint for appellate review, a defendant must lodge a timely and specific request, objection, or motion with the trial court and obtain an adverse ruling. Tex. R. App. P. 33.1(a)(1)(A); *see Burg*, 592 S.W.3d at 448. Because preservation of error is a systemic requirement on appeal, *Darcy*, 488 S.W.3d at 327; *Bekendam*, 441 S.W.3d at 299, a reviewing court should not address the merits of an issue that has not been preserved for appeal, *Blackshear*, 385 S.W.3d at 590; *Wilson*, 311 S.W.3d at 473–74.

The record reflects that appellant did not object to any of the social worker's testimony and did not object to the testimony about which he now complains on appeal. He never asserted to the trial court that the complained-of testimony was an improper comment on his constitutional right to remain silent. Thus, appellant failed to preserve error, if any, in the trial court's admission of the complained-of testimony of the social worker for appellate review. *See* Tex. R. App. P. 33.1(a); *see also Arizmendi*, 519 S.W.3d at 168. Therefore, we overrule appellant's third point of error.

## CONCLUSION

Having concluded that appellant failed to preserve for appellate review the complaints that he raises in this appeal, we affirm the trial court's judgments of conviction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: March 18, 2021

Do Not Publish

10