

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0488-20

**JESSE VILLAFRANCO, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE ELEVENTH COURT OF APPEALS MIDLAND COUNTY

**KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined.**

The Court says that a Rule 412 hearing is a critical stage of trial, and the right to counsel at a critical stage is a waivable-only right. And the Court says that a waiver did not occur in this case when counsel agreed to the trial court's procedure. But assuming those conclusions to be true for the sake of argument, there is one more question that needs to be resolved that the Court does not address. Was Appellant actually *denied* counsel at a critical stage? The answer to that question is "no."

## I. BACKGROUND

During his cross-examination of the victim in front of the jury, defense counsel asked, "So do you remember a friend or a neighbor named Isaiah?" The State objected, saying that defense counsel was headed toward eliciting an incident of prior sexual conduct that was inadmissible under Rule 412. The trial judge excused the jury from the courtroom and had the parties explain their respective positions. Defense counsel suggested that sexual conduct by Isaiah against the victim could explain medical findings about the child. The State responded that it could not because the conduct in question did not involve the penetration of the vagina. Defense counsel suggested that such a conclusion was premature because the victim had referred to Isaiah touching her but had never been given an opportunity to go into detail about what had happened.

The trial judge then indicated that he would conduct an *in camera* hearing, and in the following colloquy, the judge and the parties agreed that the parties could not be present at that hearing:

> THE COURT: Well, wait just -- let's be sure I'm looking at this correct. I think this says that I must conduct an in-camera hearing and that doesn't mean that you -- either one of you get to ask any questions of her.
>
> [DEFENSE COUNSEL]: That's correct, Your Honor.
>
> [PROSECUTOR]: That's correct.

But the parties agreed that defense counsel should be permitted to ask the victim some questions to guide the trial judge's *in camera* inquiry.

> Defense counsel then questioned the victim as follows:
>
> Q. Do you know and would one of the kids that you had played with somebody by the name of Isaiah?
>
> A. Yes, sir.

Q. And is that somebody that when you were asked some questions about had somebody done something to you, that you named Isaiah as somebody had -- that had done something to you?

A. Yes, sir.

Q. Now, I understand that when you were having your video -- do you remember that?

A. What?

Q. When you were at the place where they took your video and you were drawing on the dry erase board?

A. Yes, sir.

Q. Okay. Now, do you remember then that you described that Isaiah had touched you?

A. Yes, sir.

Q. And then they kind of changed the subject and didn't let you finish saying what you were going to say about Isaiah, so I'm just going to ask you about that, okay?

A. Yes, sir.

Q. And first off, was that the first time you had let anybody know that Isaiah was touching you?

A. No, sir.

Q. You had let somebody else know prior to the man that was asking you those questions?

A. Yes, sir.

Q. Do you remember who it was that you had told?

A. Yes, sir.

Q. Who was it?

A. My mother.

Q. So your mother knew before you did that interview where they took your video that Isaiah had been touching you?

A. Wait, no. Sorry.

Q. Okay. Then tell me, had you told anybody else prior -- you said you told your mother.

A. Yes, sir, I told her.
Q. Okay. And so did you tell her before you had done that interview?

A. No, sir.

Q. Okay. So was the first person that you told was the person that did that interview?

A. Yes, sir.

Q. Okay. So nobody knew anything about Isaiah until then?

A. Yes, sir.

Q. All right. And did Isaiah touch you in different parts of your body?

A. Yes, sir.

Q. And did he touch you with your clothes on or underneath your clothes?

A. Underneath my clothes.

Q. And did he touch you in your private that you described learning from your counselor what was -- is your vagina?

A. Yes, sir.

In the *in camera* hearing, the trial judge asked the victim about whether Isaiah touched her vagina, whether he penetrated her vagina, and whether that occurred before or after the incident with Appellant. The victim told the trial judge that Isaiah had touched her vagina, but did not penetrate it, and that this occurred before the incident with Appellant. She did say that Isaiah penetrated her butt with his "middle part" and that this happened only once.

## II. ANALYSIS

For something to count as denial of counsel at a critical stage, it must be a *complete* denial.[1] Here, any denial of counsel was not complete. In my estimation, the critical stage at issue here is the guilt stage of trial. Any exclusion from the Rule 412 hearing would not be the complete denial of counsel at a critical stage. But even if the Rule 412 hearing itself were deemed to be a discrete critical stage, there was not a complete denial there either. Defense counsel was permitted to ask the complainant questions about the prior sexual contact, which she answered, before the court took the complainant back to its chambers for an *in camera* examination. This questioning constituted some participation in the hearing about the admissibility of the prior sexual conduct. Essentially, the hearing on the complainant's prior sexual conduct was divided into two parts: one in which defense counsel questioned the complainant, and another in which the trial court questioned the complainant *in camera*. Consequently, this was not a compete denial of counsel at the hearing.[2]

Also, counsel agreed with the trial court that the *in camera* questioning without the parties present was the proper procedure. Appellant therefore had assistance and advice from counsel regarding the Rule 412 inquiry. The fact that the advice was wrong can be the subject of an ineffective assistance claim, but that does not mean there was a complete denial of counsel for preservation purposes.

---

[1] *See Wright v. Van Patten*, 552 U.S. 120, 124-25 (2008) (presumption of prejudice arises from complete denial of counsel at a critical stage); *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000) (same); *Schmidt v. Foster*, 911 F.3d 469, 480 (7th Cir. 2018) (en banc) (same, emphasizing that denial must be complete).

[2] *Cf. Van Patten*, *supra* at 125 (cases do not clearly hold for federal habeas purposes that counsel's participation by speakerphone in plea hearing should be treated as a complete denial of counsel); *Schmidt*, *supra* at 481 (permitting counsel to be present but not participate in the *in camera* hearing was not a "complete" denial of counsel).

Most types of error have to be preserved.[3]  Admissibility-of-evidence claims ordinarily have to be preserved even if the claim involves a right-to-counsel violation.[4]  Although the error alleged here is not a straightforward admissibility-of-evidence claim, the purpose of a Rule 412 hearing is to determine the admissibility of evidence.  And if a Rule 412 hearing is a critical stage, it is only because the absence of counsel at the hearing can result in the irretrievable loss of the right to question the victim.  I would take the purpose of a Rule 412 hearing into consideration in determining whether this kind of error is forfeitable.  If Appellant's complaint, for example, were that the evidence was improperly excluded because the hearing was not conducted properly, that would be an admissibility-of-evidence complaint with a right-to-counsel violation as the reason for the alleged inadmissibility, and our precedent would unquestionably require that complaint to be preserved.[5]  As it is, counsel had *some* participation in the Rule 412 inquiry, which takes this case out of the "denial of counsel at a critical stage" precedents.  Because of that, we should apply the traditional rule that error has to be preserved.  Because error was not preserved here, Appellant's claim should be rejected.

I respectfully dissent.

Filed: October 20, 2021

Publish

---

[3] *Darcy v. State*, 488 S.W.3d 325, 329 (Tex. Crim. App. 2016).

[4] *Id.*

[5] *See id.*