

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00411-CR

Cameron Mitchell **KRENEK**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 9458
Honorable Kirsten Cohoon, Judge Presiding

Opinion by:     Lori Massey Brissette, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: August 27, 2025

AFFIRMED

Appellant Cameron Mitchell Krenek appeals the trial court's denial of his motion to suppress evidence seized in connection with a traffic stop. On appeal, Krenek contends (1) the officer lacked reasonable suspicion to stop him because he did not commit a traffic violation; (2) the officer lacked probable cause to search his vehicle; and (3) the officer coerced a statement from him before he was properly informed of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). We affirm the trial court's judgment.

**BACKGROUND**

While on patrol at night, Deputy Philip Estrella with the Kendall County Sheriff's Office initiated a traffic stop of Krenek's vehicle. Deputy Estrella approached the vehicle and informed Krenek that he was stopped because one of his rear license plate lights was out. Deputy Estrella asked him why he was so nervous, and Krenek replied, "I don't know." Deputy Estrella smelled the odor of marijuana and asked Krenek when marijuana had last been smoked in the vehicle, and Krenek replied, "Honestly, three or four days ago." Deputy Estrella then stated that "due to the odor, I'm going to have to search the car, ok?" Deputy Estrella asked Krenek to step out of the vehicle and handcuffed him, explaining that he was not under arrest but was being detained. Deputy Estrella placed Krenek in his patrol car and then asked Krenek, "There's nothing in there? Nothing you should tell me about?" Krenek responded that his marijuana grinder was in the vehicle on the ground under the front seat. Deputy Estrella conducted a search of the vehicle and found a grinder containing marijuana and a tetrahydrocannabinol ("THC") vape pen. Deputy Estrella then returned and asked Krenek, "Is that your THC vape pen, that pink one under the seat?" Krenek responded that someone let him have it. Deputy Estrella then read Krenek his *Miranda* rights and placed him under arrest.

Krenek was charged with possession of one to four grams of a controlled substance, namely tetrahydrocannabinol, a third-degree felony. TEX. HEALTH & SAFETY CODE § 481.116. Krenek filed a motion to suppress evidence seized in connection with Deputy Estrella's stop. At the hearing on the motion to suppress, the State argued Deputy Estrella had reasonable suspicion to stop Krenek for violation of subsection 547.322(f) of the Texas Transportation Code, which requires "[a] taillamp or a separate lamp" to be "constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet

from the rear." TEX. TRANSP. CODE § 547.322(f). Krenek argued Deputy Estrella lacked reasonable suspicion to stop him because his rear license plate was sufficiently illuminated, presenting photographs and testimony from defense investigator Jason Garza in support. At the conclusion of the hearing, the trial court denied Krenek's motion to suppress. The trial court then made findings of fact and conclusions of law.

Pursuant to a plea bargain agreement, Krenek pled guilty to the charged offense and received a probated two-year sentence. The trial court signed an amended certification of his right to appeal the denial of his motion to suppress. Krenek timely appealed.

**STANDARD OF REVIEW**

The Fourth Amendment of the United States Constitution and Article I, section 9 of the Texas Constitution protect individuals against unreasonable searches and seizures by government officials. *See, e.g., Wiede v. State*, 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *Holder v. State*, 595 S.W.3d 691, 697 (Tex. Crim. App. 2020). Evidence seized by a police officer in violation of the Fourth Amendment is subject to the exclusionary rule codified in article 38.23(a) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 38.23(a); *Miles v. State*, 241 S.W.3d 28, 32 (Tex. Crim. App. 2007) ("[T]he Texas exclusionary rule mirrors the federal one."). When, as in this case, a police officer performs a search without a warrant, the State bears the burden of establishing that the search and seizure were reasonable under the totality of the circumstances. *Amador v. State*, 221 S.W.3d 666, 672–73 (Tex. Crim. App. 2007). We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Lerma v. State*, 543 S.W.3d 184, 189–90 (Tex. Crim. App. 2018); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). We "give almost total deference to a trial court's determination of the historical facts that are supported by the record, particularly if the findings of fact are based on credibility and

demeanor." *Miller v. State*, 393 S.W.3d 255, 262 (Tex. Crim. App. 2012). This is because the trial court is the sole trier of fact and judge of a witness's credibility and the weight given to their testimony at a suppression hearing. *See Lerma*, 543 S.W.3d at 190; *Valtierra*, 310 S.W.3d at 447. The trial court is entitled to believe or to disbelieve all or any part of a witness's testimony. *Valtierra*, 310 S.W.3d at 447. "This is so because it is the trial court that observes firsthand the demeanor and appearance of a witness, as opposed to an appellate court that can only read an impersonal record." *State v. Gray*, 158 S.W.3d 465, 466–67 (Tex.Crim.App.2005) (quoting *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App.2000) (internal quotation marks omitted)). While an appellate court "may review de novo 'indisputable visual evidence' contained in a videotape," we "must defer to the trial judge's factual finding on whether a witness actually saw what was depicted on a videotape." *State v. Duran*, 396 S.W.3d 563, 570–571 (Tex. Crim. App. 2013) (quoting *Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000)).

We also give almost total deference "in reviewing a trial court's application of law to the facts or to mixed questions of law and fact, especially when the findings are based on credibility and are supported by the record." *Miller*, 393 S.W.3d at 262–63. "If the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports these factual findings." *Valtierra*, 310 S.W.3d at 447. But, if evidence is conclusive, we may disregard any trial court finding inconsistent with that conclusive evidence as unsupported by the record. *Miller*, 393 S.W.3d at 263. We review de novo the application of law to the facts. *Vatierra*, 310 S.W.3d at 447–48. Finally, we will affirm a ruling that is "reasonably supported by the record and is correct on any theory of law applicable to the case." *Id.*

**REASONABLE SUSPICION**

In his first issue on appeal, Krenek argues the trial court abused its discretion by denying his motion to suppress because Deputy Estrella lacked reasonable suspicion to stop him for a traffic violation.

**Applicable Law**

A police officer may make a warrantless traffic stop if the "reasonable suspicion" standard is satisfied. *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015). Reasonable suspicion exists when, based on the totality of the circumstances, "the officer has specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity." *Id.* (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)) (internal quotation marks omitted). This standard is an objective standard, which disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). It is well-settled that a police officer may conduct a traffic stop if he has reasonable suspicion that a person committed a traffic violation. *See Lerma*, 543 S.W.3d at 190 ("In the context of a traffic stop, police officers are justified in stopping a vehicle when the officers have reasonable suspicion to believe that a traffic violation has occurred."); *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992) ("Thus, the appropriate limitation of an officer's discretion, under the Fourth Amendment, is the existence of a law and the actual commission of the offense[.]").

**The Evidence Presented at the Hearing and the Trial Court's Findings of Fact and Conclusions of Law**

At the hearing on Krenek's motion to suppress, the trial court heard testimony from Deputy Estrella, Krenek, and defense investigator Garza. Deputy Estrella testified he was stationary in the

center median when Krenek's vehicle passed him and he observed the vehicle had a defective rear license plate light. Subsection 547.322(f) of the Texas Transportation Code requires "[a] taillamp or a separate lamp" to be "constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear." Tex. Transp. Code § 547.322(f).

Deputy Estrella testified he pursued the vehicle and could not read Krenek's license plate, observing that one of the two light bulbs used to illuminate the rear license plate was out. Deputy Estrella specifically testified the license plate was not clearly legible from a distance of fifty feet, stating he could not fully read the license plate until he was about eighteen feet or a car-length away from the vehicle. Deputy Estrella's dash cam footage from the traffic stop was admitted into evidence, corroborating Deputy Estrella's testimony that Krenek's real license plate was less illuminated than other vehicles on the road. Deputy Estrella testified that when Krenek pulled over, Deputy Estrella approached the vehicle and confirmed that one of the rear license plate lights was out.

Defense investigator Garza testified regarding photographs he took of Krenek's vehicle at the same location where Deputy Estrella had stopped Krenek. The photographs were admitted into evidence. Garza explained he recreated the conditions of the traffic stop by photographing the rear of Krenek's vehicle after sunset from twenty-five, fifty, seventy-five, and one hundred feet away.[1] Although Garza testified that Krenek's license plate was "visible" and "sufficiently illuminated" at a distance of fifty feet, Krenek's license plate number does not appear to be clearly legible in any of the photographs except for the image taken from twenty-five feet away.

---

[1] Krenek testified he had replaced the defective rear license plate light bulb following the traffic stop, and then he removed the new bulb before Garza took the photographs to show how his vehicle appeared the night of the traffic stop.

After denying Krenek's motion to suppress, the trial court made findings of fact and conclusions of law. Specifically, the trial court made the following findings of fact:

1. On or about the evening of September 20, 2023, Deputy Phillip Estrella conducted a traffic stop on Cameron Krenek (hereinafter referred to as "Defendant").

2. Defendant was operating a silver 2006 Toyota 4 Runner SUV.

3. The traffic stop was conducted for a defective license plate light that rendered the license plate illegible.

4. Defendant's vehicle had two mounted lights to illuminate the license plate.

5. The left mounted license plate light was not emitting light on the night of the stop.

6. License plate lights of other vehicles on the road that night were more illuminated compared to the vehicle of the Defendant.

7. Defendant's license plate was not clearly legible to Deputy Estrella at a distance of 50 feet from the rear as required under the Texas Transportation Code.

8. Defendant's license plate was not clearly legible to Deputy Estrella until he was approximately eighteen (18) feet away from the rear of Defendant's vehicle.

9. Defendant concedes one of the mounted lights to illuminate his license plate was not functioning.

10. Defendant concedes his license plate was not illuminated as much as other vehicles on the road that evening.

11. Court finds the testimony of Deputy Estrella was reasonable and reliable.

The trial court also made the following conclusions of law:

1. Texas Transportation Code Section 547.322 (f) requires a taillamp or separate lamp shall be constructed and mounted to emit a white light that: (1) illuminates the rear license plate; and (2) makes the plate clearly legible at a distance of 50 feet from the rear.

2. Case law states reasonable suspicion can be established when a police officer is able to point to specific and articulable facts. *Davis v. State*. 947 S.W.2d 240 (Tex. Crim. App. l997).

3. Case law found reasonable suspicion when a license plate light was out while driving but came on after the traffic stop was initiated but before the defendant's vehicle came to a stop. *Conde v. State*, 135 S.W.3d 252 (Tex. App.—Waco 2004).

**Analysis**

Here, Deputy Estrella's testimony and the other record evidence support the trial court's finding that Krenek's license plate was not clearly legible to Deputy Estrella at a distance of fifty feet as required by the Transportation Code. The officer's dash cam video does not contradict this finding. *See State v. Evans*, 500 S.W.3d 528, 536 (Tex. App.—San Antonio 2016, no pet.) (concluding initial stop was valid because trooper's testimony supports trial court's finding that trooper observed traffic violation, dash cam video did not contradict finding, and "the trial judge was the factfinder who judged Trooper Aragones's credibility and demeanor[.]"). Furthermore, defense investigator Garza's testimony and photographs also do not contradict this finding. Thus, we defer to the trial judge with regard to this crucial finding. *See Evans*, 500 S.W.3d at 536; *Miller*, 393 S.W.3d 255, 262; *Valtierra*, 310 S.W.3d at 447. Accordingly, we conclude that Deputy Estrella's initial detention of Krenek for a traffic stop was valid. *See Lerma*, 543 S.W.3d at 190; *Garcia*, 827 S.W.2d at 944. We overrule Krenek's first issue.

PROBABLE CAUSE TO SEARCH AND STATEMENTS PRIOR TO READING OF MIRANDA RIGHTS

In his second issue on appeal, Krenek argues the trial court abused its discretion by denying his motion to suppress because Deputy Estrella lacked probable cause to search his vehicle, and in his third issue Krenek argues Deputy Estrella coerced a statement from him prior to reading him his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The State argues Krenek failed to preserve these issues.

"Preservation of error is a systemic requirement" we must address. *Darcy v. State*, 488 S.W.3d 325, 327 (Tex. Crim. App. 2016). The Court of Criminal Appeals has "recognized two general policies for requiring specific objections. 'First, a specific objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. Second, a

specific objection is required to afford opposing counsel an opportunity to remove the objection or supply other testimony.'" *Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002) (quoting *Saldano v. State*, 70 S.W.3d 873, 887 (Tex. Crim. App. 2002)).

Here, Krenek's motion to suppress generally argued that he was stopped and arrested and evidence was seized without probable cause in violation of his constitutional and statutory rights set forth in the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and under Article 38.22 of the Texas Code of Criminal Procedure, and that any statements he made were obtained in violation of these laws. "These arguments were global in nature and contained little more than citations to constitutional and statutory provisions." *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).

At the suppression hearing, Krenek was more pointed, arguing only that he was initially stopped without reasonable suspicion. He did not make any arguments that Deputy Estrella lacked probable cause to search his vehicle, and he did not argue that any statements made by him should be suppressed because they were made before he was read his *Miranda* rights. Accordingly, the trial court's findings of facts and conclusions of law concern only the issue of reasonable suspicion for the initial traffic stop. The trial court did not have the opportunity to rule on probable cause to search or the admissibility of any statements Krenek made before Deputy Estrella read him his rights under *Miranda*, and the State did not have the opportunity to argue these issues. *See Martinez*, 91 S.W.3d at 336. Because Krenek failed to specifically object that Deputy Estrella lacked probable cause to search his vehicle, or that any statements he made should be suppressed under *Miranda* or Article 38.22, these issues were not preserved for our review. *See id.* "Appellant's global statements in his pretrial motion to suppress were not sufficiently specific to preserve the arguments he now makes on appeal." *Swain,* 181 S.W.3d at 365 (citing Tex. R. App.

P. 33.1. and overruling four points of error due to waiver). We overrule Krenek's second and third issues.

## CONCLUSION

Based on the foregoing, we affirm the trial court's judgment.

Lori Massey Brissette, Justice

DO NOT PUBLISH